**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**ROBERT A. VIGEANT and**
**CONCETTA PAZIENZA** )
)
**v.** ) **C.A. NO: 02 - 441 S**
)
**UNITED STATES OF AMERICA** )

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff objects to the Motion to Dismiss filed by the defendant and submits the enclosed memorandum in support thereof.

Robert A. Vigeant
By His Attorney
Law Offices of David A. Schechter

David A. Schechter, Esquire #0903
150 Chestnut Street
Providence, RI 02904
Tel: (401) 274-4488
Fax: (401) 274-0927

HAND Delivered
Copy ~~Mailed~~ to:

Robin E. Feder, AUSA
Office of U.S. Attorney
Fleet Center
50 Kennedy Plaza
Providence, RI 02903

6/7/05

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROBERT A. VIGEANT** | ) | |
| | ) | |
| **v.** | ) | **C.A. NO: 02 - 441 S** |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**ITS OBJECTION TO DEFENDANT'S MOTION**
**TO DISMISS**

The government's Motion to Dismiss is procedurally defective as it should be a Motion to Compel More Responsive Answers. There is presently no order of the Court requiring the plaintiff to be more responsive with his answers to interrogatories or responses to request for production. Furthermore, after reading the government's Motion to Dismiss, there seems to be a substantial misunderstanding as to expert disclosures and certain of the answers to interrogatories and responses to request for production. Furthermore, the previous Motion to Compel which was granted by rule of Court (plaintiffs did not object because he was in the process of preparing to send discovery to the government) was filed while the parties were negotiating an amended pre trial order to be presented to the Court. It should be noted that the government during this process merely dictated what it wished with little room for negotiating, a theme which has been pervasive during the discovery process. The government now has the discovery which plaintiff provided and believes that the discovery should be more responsive. The government rather than requesting the Court to review the responses to discovery to see whether an order should enter compelling more responsive answers, skips this step and has filed this Motion to

Dismiss. Accordingly, the Court should treat the government's Motion to Dismiss as one to Compel More Responsive Answers. Reading the government's Motion to Dismiss, it would have the Court believe that there was no just reason for the delay in responding. This is not the case and the government is aware that plaintiff's counsel during these proceedings has suffered from herniated cervical discs and is working a shortened schedule and furthermore that the government during the criminal proceedings from which this action accrued had confiscated business records of the plaintiff, which were never returned. Plaintiff's counsel is still plagued by this medical problem and after recent tests been advised that the condition is not getting better, but rather worse. Nowhere in the government's moving papers is there any mention of this . As a result of this condition, plaintiff's counsel believes he will be bringing in co-counsel or withdrawing from the case.

As to the issue of whether the discovery responses are sufficient, plaintiff at the end of this memorandum has placed the discovery in question as set forth in the government's memo and responded thereto. These responses are in italics.

In the normal course, plaintiff would end his memo here. However, the government has made some representations in its memorandum which the plaintiff feels a need to address. The government starting on page 1 of its memorandum discusses certain conversations in the chambers of District Judge Smith and suggests that a mini hearing took place on discovery. This was not the case. Discovery was discussed but not to the extent as stated by the government. Plaintiff remembers that the government advised the District Judge that it would have problems retaining the proper experts. District Judge Smith, and plaintiff cannot remember the exact words, in essence advised the government that he saw no reason that they could not retain the proper experts. The government also states that District Judge Smith ordered that no further continuance would be granted and that plaintiff's complete discovery responses be completed by May 2, 2005, however, if this did happen, how come is not embodied in the Pretrial Order?

Prior to the May 3, 2005, conversation, plaintiff had called government's counsel and was advised that she was not in. The purpose of this call was to advise the government of the plaintiff's office move and the fact that there had been some computer problems. This information was transmitted to the government on May 3, 2005. The government states in its memorandum, that it did not specifically agree with the plaintiff's request to accept the filing by May 9, 2005. If it did not specifically agree, did it unspecifically agree ? Other than the order for expert disclosure, plaintiff knows of no other order of the Court requiring responses by May 2, 2005. The plaintiff cannot say with certainty that there was not an agreement that the supplemental answers would be filed by May 2, 2005, but he assumes that there was such an agreement based on his call to the government prior to May 2, 2005.

The use of the term "incomplete" as it relates to the plaintiff's responses to discovery is the government's opinion and not the substance of any court order. The unsigned interrogatories were sent to the government with a letter advising that the original interrogatories had been sent to Florida for signature.

It is also interesting that the government is in possession of the reason why the plaintiff dismissed his Bivens action. For the Court's information, the reason stated by the government is not correct as are many other of the representations in its memorandum. Also, the government knows that plaintiff's claim on the administrative level would have been denied even if the requested information had been provided.

The plaintiff's inability to produce documentation as it relates to his businesses is due to the fact that the government took most of these records and they have never been returned to plaintiff.

The requests for extensions have been far from extraordinary and were the result of plaintiff's counsel's medical problem and the inability to re-create certain records taken by the government.

On page 4 of the government's memorandum which continues to page 5, the government represents that which transpired after the chambers conference with District Judge Smith. Plaintiff agrees that a brief conference was had and that the government advised the plaintiff what it believed were deficiencies in the plaintiff's response. Plaintiff agreed in part with some and disagreed with others. The conference was terminated due to the fact that the government's counsel had other business to attend to and could not spend more time discussing the differences of opinion. The problem that the plaintiff has had is that with rare exception, the government has told the plaintiff the way the interrogatory or request for production should be dealt with and was not willing to negotiate. The letter by the government of April 14 was not so much a confirmation of an agreement, but again a statement of what the government wanted without regard to any agreement by the plaintiff.

The plaintiff has provided to the government releases for tax information, employment information and medical information. The employment releases were sent to the government along with the releases for medical information. If the employment releases were not received, all the government had to do was call plaintiff's counsel and advise. This was never done and the first time plaintiff was made aware that the government did not receive the employment release was after reading the moving papers in this matter.

It was the plaintiff's belief that the execution of the releases and the providing of the complete report of his accountant would satisfy his obligation as to expert disclosures.

As for the second set of interrogatories filed by the Government, a timely Motion to Enlarge the Time has been filed and in the interim a set of answers to interrogatories has been sent to the government.

The Government's moving papers are filled with exaggerations and representations which the plaintiff believes are not correct. This may be summed up in the government's statement on page 7 of its memorandum that "Five years of defaults is enough". The complaint in this action was filed on October 9, 2005. In response the government filed a

Motion to Dismiss on April 28, 2003. After the filing of a Report and Recommendation and Acceptance of the Report and Recommendation by District Judge Lisi on October 1, 2004, defendant requested a 60 day extension to file its answer. The government's answer was filed on December 21, 2004 (this answer was not seen by plaintiff's counsel until the first week in January, 2005, as he was on vacation. The filing of the answer was necessary to plaintiff in order to commence responding to certain portions of the discovery. The discovery has only been ongoing since the receipt of the government's answer which is far from five years.

For the above reasons, plaintiff requests that the government's Motion to Dismiss be denied and be treated as a Motion to Compel More Responsive Answers.

## INTERROGATORIES

**INTERROGATORY 4.**

Identify each person (including specialty) plaintiff intends to call as an expert witness, stating the subject matter on which each such expert witness is expected to testify; the substance of the facts and opinions to which each such expert witness is expected to testify and a summary of the grounds for each opinion held by each such expert; the name and location of any publication, data or other source on which the expert intends to rely; the name and location of any paper, presentation, publication, data or other source which the expert has written or given, in whole or in part, on the same subject-matter as the opinions in this case; and the compensation being rendered to such expert witness, including fees and costs.

**RESPONSE:**

Gregory A. Porcaro, CPA/ABV,
MST Orlando, Porcaro, Pascarella
& Gill, Ltd. 1230 Greenwich
Avenue Warwick, RI 02886
Report Attached
CN Attached

Brian Hickey, APRN, BC
West Bay Psychiatric
Associates 300

Centerville Road
Warwick, RI

' It should be noted that both in plaintiff's answers to interrogatories and response to production requests, plaintiff indicated that certain documents were attached, when no such documents were attached. See, e.g., answers to interrogatories 14, and 15, and responses to production requests 1, 3, 4, 5, 7, 8, 12 and 13. In his supplemental answers and responses, only two of the many documents referenced were attached.

' Interrogatory 4, as it was represented as including plaintiff's expert disclosures appears first. See, Exhibit D. Also, although defendant did not specifically request supplementation of interrogatories 1 and 15, they appear here, as plaintiff did not provide all of the information sought.

Mark Sheehan, CCJS
Family Health Counseling Center 2677 Forest Hill Blvd. West
Palm Beach, FL

Ronald Arsenault, psychotherapist 3657 Post Road
Warwick, RI
Reports and C/Vs are on request and will be provided

James Cross
Marine surveyor
241 Nooseneck Hill Road West Greenwich, RI 02817
Report Attached C/V on request

**SUPPLEMENTAL RESPONSE:**

Compensation has not been determined.

Authorizations have been provided to the Government for release of the requested medical information.

**REASON FOR MOTION:**

Plaintiff's answer is wholly insufficient. He identifies 5 specially retained expert witnesses, but does not provide the requested information regarding them.

1. Gregory Porcaro - Plaintiff attached Mr. Porcaro's report and CV, which can be found attached to Exhibit E, however, the report does not disclose the grounds for his opinion; the name and location of any publication, data or other source on which he intends to rely; the name and location of any paper, presentation, publication, data or other source which the expert has written or given, in whole or in part, on the same subject-matter as the opinions in this case; or the compensation being rendered to him.

*Plaintiff provided this report relying on the fact that he believed an agreement had*

*been made with the government that this would satisfy the interrogatory and the expert disclosure. From reading the government's moving papers, it appears that no such agreement exists, a fact which plaintiff disputes. Plaintiff rather than fighting about whether an agreement existed or not, will supply the information requested if it exists. As to compensation, no agreement exists and once one is entered into the interrogatory will be supplemented.*

2. Brian Hickey - plaintiff did not attach a CV or a report and did not state the subject matter on which Mr. Hickey is expected to testify; the substance of the facts and opinions to which he is expected to testify or a summary of the grounds for each opinion held; the name and location of any publication, data or other source on which he intends to rely; the name and location of any paper, presentation, publication, data or other source which he has written or given, in whole or in part, on the same subject-matter as the opinions in this case; or the compensation being rendered to him. An authorization for release of medical records does not and could not retrieve this information.

*Plaintiff provided a release for information relying on the fact that he believed an agreement had been made with the government that this would satisfy the interrogatory and the expert disclosure. From reading the government's moving papers, it appears that no such agreement exists, a fact which plaintiff disputes. Plaintiff rather than fighting about whether an agreement existed or not, will supply the information requested if it exists. As to compensation, no agreement exists and once one is entered into the interrogatory will be supplemented.*

3. Mark Sheehan - plaintiff did not attach a CV, although he attached a one paragraph "report" or statement, which can be found attached to Exhibit E. Nonetheless, neither plaintiff, nor Mr. Sheehan's report provides any discernible opinions related to this case, a summary of the grounds for each opinion held; the name and location of any publication, data or other source on which he intends to rely; the name and location of any paper, presentation, publication, data or other source which he has written or given, in whole or in part, on the same subject-matter as the opinions in this case; or the compensation being rendered to him. An authorization for release of medical records does not and could not retrieve this information.

*Plaintiff provided a release for information relying on the fact that he believed an agreement had been made with the government that this would satisfy the interrogatory and the expert disclosure. From reading the government's moving papers, it appears that no such agreement exists, a fact which plaintiff disputes. Plaintiff rather than fighting about whether an agreement existed or not, will supply the information requested if it exists. As to compensation, no agreement exists and once one is entered into the interrogatory will be supplemented.*

4. Ronald Arsenault - despite plaintiff's representations, he did not attach a CV or a report and does not state the subject matter on which Mr. Arsenault is expected to testify; the substance of the facts and opinions to which he is expected to testify or a summary of the grounds for each opinion held; the name and location of any publication, data or other source

on which he intends to rely; the name and location of any paper, presentation, publication, data or other source which he has written or given, in whole or in part, on the same subject-matter as the opinions in this case; or the compensation being rendered to him. An authorization for release of medical records does not and could not retrieve this information.

*Plaintiff provided a release for information relying on the fact that he believed an agreement had been made with the government that this would satisfy the interrogatory and the expert disclosure. From reading the government's moving papers, it appears that no such agreement exists, a fact which plaintiff disputes. Plaintiff rather than fighting about whether an agreement existed or not, will supply the information requested if it exists. As to compensation, no agreement exists and once one is entered into the interrogatory will be supplemented.*

5. James Cross - plaintiff attached a report to his production response, which can be found at Exhibit G, but did not attach a CV. Nor has he produced the name and location of any paper, presentation, publication, data or other source which he has written or given, in whole or in part, on the same subject-matter as the opinions in this case; or the compensation being rendered to him.

*Plaintiff has requested this information from the Mr. Cross, but to date it has not been received.*

**INTERROGATORY 1.**

State your full name, any other names by which you have been known, date of birth, present residence address, occupation and business, present business address, social security number, and all other residences you have had during the 10 years prior to the events which are the subject of the Complaint in this action.

**RESPONSE:**

Robert A. Vigeant, d.o.b March 26, 1962; 1665 Brandywine Road, Unit 4315, West Palm Beach, FL; 64 Columbus Avenue, North Providence, RI; 171 Midvale Avenue, Cranston, RI; 188 Farmington Avenue, Cranston, RI 02920; 24 Newport Lane, Narragansett, RI; 528 I Shennecossett Road, Groton, CT; 1401 Village Boulevard, West Palm Beach, FL; 10$^{h}$ Street South, Deerfield Beach, FL; 309 Painters Run Road, Upper St. Claire, PA; 518 Washington Street, Carnegie, PA.

9

**SUPPLEMENTAL**

**RESPONSE:** None.

**REASON FOR MOTION:**

Although defendant did not request supplementation of this answer, it has requested employment information and that releases for employment records be signed. The information provided, infra, is incomplete, and the releases, furnished in October, 2004, have never been signed. Thus, plaintiff's present occupation and business, as well as his present business address were critical, and should have been provided here. Moreover, plaintiff did not state whether he has been known by any other names.

*Employment releases were signed and sent to the government along with medical and tax releases. The government did not request supplementation because information on present occupation and business is contained in interrogatory # . The fact that no other names were supplies means there are none.*

**INTERROGATORY 2.**

State the basis, including all of the facts and evidence upon which you rely, for commencing this action against defendant United States of America.

**RESPONSE:**

Objection. This interrogatory requests information, which is the work product of counsel for the Plaintiff. However, without waiving this objection, Plaintiff answers as follows:

Basis: The plaintiffs claims are as follows: (1) Malicious Prosecution; (2) False Arrest; (3) False Imprisonment; (4) Abuse of Process.

The facts and evidence relied on are contained in the complaint, transcripts of the trial, the sentencing hearing and motions in the case of USA v. Vigeant, CR #97-42ML, United States District Court for the District of Rhode Island, affidavits filed in conjunction with a search warrant which was issued on May 9, 1997, by Robert W. Lovegreen, United States Magistrate Judge, Presentence Investigation Report prepared February 20, 1998, the decision of the United States Court of Appeals for the First Circuit in USA v. Vigeant, 176 F3d 565 (1st Cir 1999) and transcript of a hearing on August 20 and 23, 1999, before Richard Israel, Associate Judge, Rhode Island Superior Court, State of Rhode Island v. Robert A. Vigeant, P2 91-0054B.

**SUPPLEMENTAL RESPONSE:**

[Paragraphs 12 - 55 of the complaint are repeated here]. The facts and evidence relied on are contained in the complaint, transcripts of the trial, the sentencing hearing and motions in the case of USA v. Vigeant, CR #97-42ML, United States District Court for the District of Rhode Island, affidavits filed in conjunction with a search warrant which was issued on May 9, 1997, by Robert W. Lovegreen, United States Magistrate Judge, Presentence Investigation Report prepared February 20, 1998, the decision of the United States Court of Appeals for the First Circuit in USA v. Vigeant, 176 F3d 565 (1st Cir 1999) and transcript of a hearing on August 20 and 23, 1999, before Richard Israel, Associate Judge, Rhode Island Superior Court, State of Rhode Island v. Robert A. Vigeant, P2 91-0054B.

**REASON FOR MOTION:**

The answer was not fully responsive. Plaintiff stated what the claims are, and in his supplemental response provided the facts he relies on. However, he also referred to a number of voluminous documents in which evidence appears, but plaintiff was not asked to identify documents. He was asked about the evidence upon which he relies. Moreover, apart from the pre-sentence investigation report, plaintiff did not even produce the documents referred to. Some, such as the First Circuit's decision are readily available to defendant, but others.(i.e., motions and transcripts) cannot be discerned, and others (i.e., transcript of hearing before J. Israel) are not even available to defendant.

*Contrary to the opinion of the government, transcripts can be evidence and based on the nature of this case, plaintiff will seek to introduce the complete transcript of the proceedings identified. In a conversation with the government, plaintiff specifically asked if the government wanted copies of all the transcripts. The government advised it wished only the pre-sentence report and the transcript of the hearing before Judge Israel. As stated above the pre-sentence report was supplied and the government was advised that the Judge Israel transcript was misplaced during the office move. Another copy has been obtained and a copy will be provided. By the way, as the Court is aware, the criminal case from which this matter arises was appealed to the First Circuit and the government should have copies of all the proceedings in the criminal. If the government has now changed its mind and wants copies of other proceedings, plaintiff will be happy to comply.*

**INTERROGATORY 3.**

Identify all witnesses who support the allegations in your complaint and for each person, please state the substance of that person's knowledge.

**RESPONSE:**

Joan DiRuzzo, mother, physical and mental condition of Robert A. Vigeant; Concetta Pazienza, grandmother, physical and mental condition of Robert A. Vigeant and business dealings with him; Gina DiRuzzo, sister, physical and mental condition of Robert A. Vigeant; Steven DiRuzzo, borther, physical and mental condition of Robert A. Vigeant; William Vigeant, brother, physical and mental condition of Roebrt A. Vigeant; Nicholas

Mastroianni, business dealings with Robert A. Vigeant; Deborah Hutton, physical and mental condition of Robert A. Vigeant. Also, experts listed in these answers.

**SUPPLEMENTAL RESPONSE:**

Joan DiRuzzo, 141 Roosevelt Street, Providence, RI, 02909, mother, physical and mental condition of Robert A. Vigeant; Concetta Pazienza, 188 Farmington Avenue, Cranston, RI 02920, grandmother, physical and mental condition of Robert A. Vigeant and business dealings with him; Gina DiRuzzo, 21 Pleasant Street, Johnston, RI 02919, sister, physical and mental condition of Robert A. Vigeant; Steven DiRuzzo, 141 Roosevelt Street, Providence, RI 02909, brother, physical and mental condition of Robert A. Vigeant; William Vigeant, 21 Pleasant Street, Johnston, RI 02919, brother, physical and mental condition of Robert A. Vigeant; Nicholas Mastroianni, 112 Santander Drive, Jupiter, Florida, 33458, business dealings with Robert A. Vigeant; Deborah Hutton, 64 Columbus Avenue, North Providence, RI 02920, physical and mental condition of Robert A. Vigeant. Also, experts listed in these answers.

**REASON FOR MOTION:**

Place of employment was not provided for these witnesses, as directed in the instructions.

*This is the first time the government has advised of this. Plaintiff will supply the information.*

**INTERROGATORY 5.**

List, identify and describe the contents of each document, including any report, memorandum or any other writing pertaining to this matter, which relates to your claims in this action, or the defenses asserted in the answer, or discovery related thereto. In lieu of describing the documents, you may choose to attach accurate copies to your answers.

**RESPONSE:**

Exhibits, motions and attached documents and search warrant and affidavits in the matter of USA v. Vigeant CR #97-42ML, United States District Court for the District of Rhode Island. All materials supplied in interrogatory #4.

**SUPPLEMENTAL RESPONSE:**

Exhibits, motions and attached documents and search warrant and affidavits, trial transcripts and pre-sentence report in the matter of USA v. Vigeant CR #97-42ML, United States District Court for the District of Rhode Island and transcript of a hearing on August 20 and 23, 1999, before Richard Israel, Associate Judge, Rhode Island Superior Court, State of Rhode Island v. Robert A. Vigeant, P2 91-0054B. All materials supplied in interrogatory #4.

**REASON FOR MOTION:**

The answer is insufficient. A description of each specific document was requested so that defendant could identify it, and request it if it does not have it. With two exceptions, no document was specifically described. The only adequate descriptions were for the presentence report (which was produced) and the transcript of the hearing before Judge Israel. The remaining descriptions are so general that defendant cannot discern to what plaintiff refers. Moreover, the only materials supplied in response to interrogatory 4 were the Porcaro's report and CV, the Sheehan report and the Cross report. Additionally, in discussions with plaintiff, defendant specifically requested that, to the extent he was relying on materials from his criminal prosecution, he identify trial exhibits, motions and affidavits, as well as the dates and page numbers of the trial transcript with particularity, medical records relating to his claims in this action, and records from plaintiff's businesses, which establish plaintiff's claims for damages. Defendant also specifically sought, in that regard, the identification of documents showing plaintiff owns the real estate on which he claims his businesses were based. As to the former, they have neither been produced nor identified. Defendant also sought identification of documents that support plaintiff's claims regarding the forfeiture of boats, and his claims for attorneys fees.

*Plaintiff has specifically identified the necessary documents He is relying on the entire transcript; the government was advised of that fact.. As to the reference to interrogatory # 4, please see plaintiff's response, supra. This is the first time the plaintiff has heard that the government wished documents concerning the forfeiture proceedings and real estate holdings; plaintiff will produce these documents. Plaintiff is still compiling the list of attorneys fees.*

**INTERROGATORY 11.**

Identify all employment or other positions held by you, with our without pay, including self-employment for the period of time from 1992 to the present. Include in your answer the following: (a) the address for each person by whom you were or have been employed during this time frame; (b) the title of the position you held; (c) the beginning and ending dates you held each position; (d) your beginning and ending weekly or bi-weekly salary for each position; and (e) your duties and responsibilities for each position.

**RESPONSE:**

1991-1993 Bally's Health and Tennis Corporation of America, 3000 Oxford Drive, Bethal Park, PA., District Manager, in charge of the day operation of various clubs, approximately $25,000 per year.

June, 1994 - February, 1995 U.S. Total Fitness and Rehab of America, 1401 Palm Beach

Lakes Boulevard, West Palm Beach, FL, general manager, approximately $5000.00 per month.

1995-1997 City Wide, LLC and Versatile Investment Group, Inc., real estate ventures, 188 Farmington Avenue, Cranston, RI owner.

1995-1997 National Contracting, Inc., building contractor, 188 Farmington Avenue, Cranston, RI owner.

1999-2001 American Acoustical, Inc., 188 Farmington Avenue, Cranston, RI, president, installation of soundproofing, income not yet known.

2001-2003 Builders World, Inc., president, building contractor, income not yet known.

2001-present Parking Lot and Valet business, owner, approximately $25,000 to $30,000 per year.

13

2003-2004 Allied Capital and Development, Inc., 3300 PGA Boulevard, Palm Beach Garden, FL, salesperson, $250.00 plus commission.

2005-present P.M. Development Corp., 2452 Sandy Cay, West Palm Beach, FL., supervisor of construction, $600.00 per week.

**SUPPLEMENTAL RESPONSE:**

No supplemental response

provided.

**REASON FOR MOTION:**

The response is incomplete. Plaintiff did not provide the beginning and ending dates for each position, only the year; nor did he provide beginning and ending salary or income information for each of the positions.

*The information sought is not known to the plaintiff. A release for this information was provided to the government and plaintiff would have used the information to supplement this interrogatory. However, plaintiff has learned in this motion that this release was never received. Plaintiff will execute another release.*

**INTERROGATORY 12.**

Identify all sources of monetary receipts by you for the period from 1995 to the present, including secondary jobs, and federal and state benefits including social security,

disability, retirement, unemployment compensation, military and veterans' benefits.

**RESPONSE:**

None.

**SUPPLEMENTAL RESPONSE:**

No supplemental response

provided.

**REASON FOR MOTION:**

Plaintiff's answer is obviously incomplete. He overlooked the income in answer to interrogatory 11. Perhaps other monetary receipts were overlooked as well and the rest of the answer is similarly incomplete.

*Plaintiff believed this interrogatory sought monetary receipts other than those sought in interrogatory # 11.*

**INTERROGATORY 13.**

Please state in detail your computation of the amount of damages for which judgment is sought in the Complaint, including an itemization of each expense or element of damages.

**RESPONSE:**

| | | |
|---|---|---|
| Loss of Cash and Equity from various businesses, see report of Gregory A. Porcaro, attached | | $7,008,876.00 |
| 1989 27' Stalker Kat Boat (seized and never returned) | | |
| Fair market value | 1989 | 75,000.00 |
| | 2005 | 130,000.00 |
| 1989 41.5' Chris Craft Stinger Boat | | |
| Fair market value | 1989 | 130,000.00 |

Value on return from Government 5,000.00 to 8,000.00. Loss 122,000.00 to 125,000.00

Pain and suffering both mental and physical - - not yet determined Loss of enjoyment of life - - not yet determined Loss of earning capacity - - not yet determined Legal Fees - - being compiled.

**SUPPLEMENTAL RESPONSE:**

No supplemental response

provided.

**REASON FOR MOTION:**

The answer is incomplete. Plaintiff failed to provide a computation for four of the elements of damages identified: pain and suffering, loss of enjoyment of life, loss of earning capacity and legal fees.

*Legal fees are presently being compiled. All other information has not yet been determined.*

**INTERROGATORY 15.**

If you are you alleging mental anguish as a result of your claim against the United States, please describe with particularity the mental anguish you allege to have suffered, and include a description of any treatment received from a psychiatrist, psychologist, therapist or counselor, including the name and address of the person from whom you have sought treatment, the charges for this treatment; and whether or not this treatment is continuing.

15

**RESPONSE:**

See report attached, others will be supplied as they are

received.

**SUPPLEMENTAL RESPONSE:**

See report attached, others will be supplied as they are received. Medical authorizations have been supplied.

**REASON FOR MOTION:**

The answer and supplemental answer were not responsive. Plaintiff did not state whether mental anguish is one of his claims; did not include a description of any treatment received from a psychiatrist, psychologist, therapist or counselor (including the name and address of the mental health provider); any charges for such treatment; and whether or not this treatment is continuing. As to his claim that a report was attached; presumably, he refers to the one-paragraph statement of Mark Sheehan, dated February 24, 2005, which makes no reference to mental anguish. No other reports were supplied. It was no answer to provide medical authorizations to unknown and unnamed individuals. It was incumbent on plaintiff to provide this information in his answer.

*Pain and suffering mental(interrogatory #13) is equivalent to mental anguish. Plaintiff believed that the execution of the releases satisfied this interrogatory.If the government wishes, Plaintiff, upon receipt of the medical documents, will provide a supplemenatal answer.*

**INTERROGATORY 16.**

State each and every date, from 1985 to the present date, on which you visited any psychiatrist, psychologist, family counselor, or any other mental health care provider for consultation, examination or treatment, and state the name and address of each such psychiatrist, psychologist, family counselor or other mental health care provider.

**RESPONSE:**

Brian Hickey, APRN, BC, West Bay Psychiatric Associates, 300 Centeville Road, Warwick, RI; Mark Sheehan, CCJS, Family Health Counseling Center, 2677 Forest Hill Blvd., West Palm Beach, FL; Ronald Arsenault, psychotherapist, 3657 Post Road, Warwick, RI. Reports will be provided.

**SUPPLEMENTAL RESPONSE:**

Brian Hickey, APRN, BC, West Bay Psychiatric Associates, 300 Centeville Road, Warwick, RI; Mark Sheehan, CCJS, Family Health Counseling Center, 2677 Forest Hill Blvd., West Palm Beach, FL; Ronald Arsenault, psychotherapist, 3657 Post Road, Warwick, RI. Reports will be provided. Medical authorizations have been supplied.

16

**REASON FOR MOTION:**

No dates of treatment were provided. As far as defendant can tell, Plaintiff did not provide treatment information back to 1985. Providing medical authorizations for unknown and unnamed individuals was insufficient. It was incumbent on plaintiff to provide this

information in his answer.

*The government assumes that there are other health care providers. This is an incorrect assumption.*

**INTERROGATORY 18.**

If you claim that any agent, employee or other representative of the United States made any statement, oral or written, concerning your claims or the defenses in this action, identify the person making the statement and state the date, time and place when each such statement was made; whether or not each such statement was oral or in writing; the name and address of each person you believe heard such statement; and the substance of each such statement.

**RESPONSE:**

All agents, employees or representatives who prepared or assisted in the preparation of exhibits, motions and attached documents and search warrant and affidavits in the matter of USA v. Vigeant, CR #97-42ML, United States District Court for the District of Rhode Island and who testified at the grand jury, trial or any other hearings.

**SUPPLEMENTAL RESPONSE:**

No supplemental response

provided. **REASON FOR**

**MOTION:**

The response was incomplete. This interrogatory sought information regarding specific individuals who made specific statements made which plaintiff was relying on, and it was no answer to refer to unknown and unidentified individuals who may or may not have made statements located in any of the thousands of pages of documents that plaintiff may be referring to. Defendant has no idea what those statements may be. Plaintiff should have disclosed any specific statements of which he was aware, including the detail requested, so that defendant could have properly investigated it (them).

*As stated before, the entire documents are being relied on.*

**INTERROGATORY 20.**

Have you filed federal income tax returns for any of the years from 1992 to the present If so, state the years for which they were filed, and the total income from your own wages or salary as reported on each return.

**RESPONSE:**

Release form will be executed.

**SUPPLEMENTAL RESPONSE:**

Release form has been executed.

**REASON FOR MOTION:**

Plaintiff signed a release form and records were in fact subpoenaed from the State Division of Taxation and the Internal Revenue Service. However, the only year in which plaintiff filed a State return was 1995. The only Federal returns file by plaintiff were for years 1992, 1993, 1994, and 1995. For the years 1996 to the present, plaintiff should have disclosed his total income from wages, salary, or other monetary receipts.

*Plaintiff has hired an accountant to prepare IRS returns in order to provide this information. This has been made difficult due to the fact that the government seized numerous of plaintiff's records and never returned them.*

## <u>REQUESTS FOR PRODUCTION</u>

REQUEST NO. 1.

All documents which support or are, in any way, probative of the allegations of the claims in your amended complaint, including the issues of liability and damages.

**RESPONSE:**

Objection, this request seeks attorney work product and in addition is burdensome and harassing - however without waiving these objections, the plaintiff has produced these documents as attachments to his answers to interrogatories.

SUPPLEMENTAL RESPONSE:

Objection, this request seeks attorney work product and in addition is burdensome and harassing - however without waiving these objections, the plaintiff has produced these documents as attachments to his answers to interrogatories or provided authorizations.

**REASON FOR MOTION:**

Plaintiff indicates compliance, but he did not comply. The only documents he has produced are an accountant's report and CV; a one paragraph "report" of one therapist; a report from a marine surveyor regarding one boat; a copy of his criminal record; and his pre-sentence investigation report. He should have produced all documents which support his claims on both liability and damages. These should have included medical records, business records, court records, records relating to his claims of forfeiture, attorneys fees and lost earning capacity, none of which were provided.

*This request makes all the other requests in the governments request for production objectionable as they would be cumulative or repetitive. Plaintiff relies on his explanations as stated in the interrogatory portion.*

REQUEST NO.3.

All medical or other bills that you claim were incurred as a result of the actions of the United States as alleged in this action.

RESPONSE:

The plaintiff has produced these documents as attachments to his answers to interrogatories.

SUPPLEMENTAL RESPONSE:

The plaintiff has produced these documents as

attachments to his answers to interrogatories.

Authorizations have been provided.

**REASON FOR MOTION:**

None were produced. Although medical release authorizations were signed, this request sought documentation of expenses, and was not limited to medical expenses.

*See explanation request for production #1*

**REQUEST NO.4.**

The current curriculum vitae of all experts you will call at the trial of this action, including a list of all publications authored and any speeches given by them.

**RESPONSE:**

The plaintiff has produced these documents as attachments to his answers to interrogatories.

**SUPPLEMENTAL RESPONSE:**

The plaintiff has produced these documents as attachments to his

answers to interrogatories. Authorizations have been provided.

**REASON FOR MOTION:**

Plaintiff identified 5 experts, but only 1 CV was produced, and no lists of publications authored and any speeches given by them have been produced. Authorizations for medical records do not cover the requested documents.

*See explanation request for production #1*

**REQUEST NO. 5.**

All medical reports and records prepared relative to the claims in this action. This request includes, but is not limited to, reports to plaintiffs attorneys.

**RESPONSE:**

The plaintiff has produced these documents as attachments to his

answers to interrogatories. Plaintiff objects to producing any reports that are work product.

**SUPPLEMENTAL RESPONSE:**

The plaintiff has produced these documents as attachments to his answers to interrogatories. Plaintiff objects to producing any reports that are work product. Authorizations have been provided.

**REASON FOR MOTION:**

None were produced. Although one expert report was produced, this request sought medical records and reports prepared in connection with treatment.

*See explanation request for production #1*

**REQUEST NO.** 7.

All records, reports, statements and other documents identified in response to defendant United States of America's Interrogatories Propounded to Plaintiff.

**RESPONSE:**

The plaintiff has produced these documents as attachments to his answers to interrogatories. Plaintiff objects to producing any reports that are work product.

**SUPPLEMENTAL RESPONSE:**

The plaintiff has produced these documents as attachments to his answers to interrogatories. Plaintiff objects to producing any reports that are work product. Presently there are no reports in the work product category. Additionally, authorizations have been provided.

i

**REASON FOR MOTION:**

Plaintiff identified numerous documents in his answers to interrogatories, but the only documents he has produced are an accountant's report and CV; a one paragraph "report" of one therapist; a report from a marine surveyor regarding one boat; a copy of his criminal record; and his pre-sentence investigation report. He should have produced all of the documents he identified. [9]

[9] Plaintiff's counsel discussed this issue with defendant. In those discussions, defendant indicated that plaintiff did not have to produce the First Circuit decision at issue. As to the trial transcript from the criminal case, defendant indicated that in lieu of producing

the trial transcript, plaintiff could identify the dates and numbers of pages (for each date) of the trial transcript, and that the trial transcript itself would not have to be produced, unless defendant were missing some portion of it (which would be later identified to plaintiff). Defendant specifically required that the transcript of any other proceeding being relied on (motions, sentencing, etc.) had to be produced, as well as copies of any motions or affidavits being relied on. None of these documents were produced.

*The plaintiff believes the agreement was to produce the pre-sentence report and the transcript from the hearing before Judge Israel. The pre-sentence report was produced and as stated before the the Superior Court transcript has been located and will be sent to the government.*

**REQUEST NO.8.**

All documents reviewed by and/or relied upon by Plaintiff in answering any interrogatories issued in this case.

**RESPONSE:**

The plaintiff has produced these documents as attachments to his answers to interrogatories. Plaintiff objects to producing any reports that are work product.

**SUPPLEMENTAL RESPONSE:**

The plaintiff has produced these documents as attachments to his answers to interrogatories. Plaintiff objects to producing any reports that are work product. Presently there are no reports in the work product category. Additionally, authorizations have been provided.

**REASON FOR MOTION:**

The response and supplemental response were not responsive to the request. Plaintiff produced only an accountant's report and CV; a one paragraph "report" of one therapist; a report from a marine surveyor regarding one boat; a copy of his criminal record; and his pre-sentence investigation report. It does not appear that he relied on any of these documents in answering the interrogatories. Of course, it is unknown precisely what, if anything, plaintiff relied on in answering the interrogatories, and plaintiff should have identified the precise documents on which he relied or produced them as requested, in specific response to this request.

*The plaintiff believes his response was adequate.*

**REQUEST NO. 11.**

Any and all statements given by Plaintiff regarding the incident which is the subject of this litigation, other than those covered by the attorney-client privilege. If there are any such statements which are not in your possession, please identify by name and address, the person or entity having custody of the statements, so that demand for release of the records may be sent to that person or entity (Copies of any records received from such providers will be provided to plaintiff.)

**RESPONSE:**

Unknown to plaintiff.

**SUPPLEMENTAL RESPONSE:**

Unknown to plaintiff. Plaintiff testified at his trial and spoke at his sentencing hearing -transcripts are available if the Government does not already have copies.

**REASON FOR MOTION:**

Plaintiff's counsel discussed this issue with defendant. As to the trial transcript from the criminal case, defendant indicated that in lieu of producing the trial transcript, plaintiff could identify the dates and numbers of pages (for each date) of the trial transcript, and that the trial transcript itself would not have to be produced, unless defendant were missing some portion of it (which would be later identified to plaintiff). Defendant specifically required that the transcript of any other proceeding being relied on (motions, sentencing, etc.) had to be produced, as well as copies of any motions or affidavits being relied on. None of these documents were produced.

*Only two proceedings are involved – the trial and sentencing — the government has asked for neither of these prior to this motion. As for the pages, it would be the complete testimony of the plaintiff.*

**REQUEST NO. 12.**

Any and all letters, memoranda, summaries or reports concerning the instant matter which have been supplied to any expert witness Plaintiff reasonably anticipates he will call to testify at trial.

**RESPONSE:**

The plaintiff has produced these documents as attachments to his answers to interrogatories. Plaintiff objects to producing any reports that are

work product.

**SUPPLEMENTAL RESPONSE:**

No supplemental response.

**REASON FOR MOTION:**

No such documents were produced.

*There are none.*

**REQUEST NO. 13.**

Any and all letters, memoranda, summaries or reports of expert witnesses Plaintiff reasonably anticipates will be called to testify at the trial of this matter.

**RESPONSE:**

The plaintiff has produced these documents as attachments to his answers to interrogatories. Plaintiff objects to producing any reports that are work product.

23

**SUPPLEMENTAL RESPONSE:**

This request has already been addressed in this

response.

**REASON FOR MOTION:**

The produced records are wholly insufficient and do not comply with plaintiff s obligations under Rule 26, or under Rule 34. Plaintiff produced only an accountant's report and CV; a one paragraph statement of one therapist (out of three proposed medical experts); and a report from a marine surveyor regarding one of the two boats he claims were wrongfully forfeited.

*See response to request for production #1*

**REQUEST NO. 14.**

Copies of any learned treatises, medical journal articles, textbooks or other sources on which Plaintiff anticipates relying at the trial of this matter.

**REASON FOR MOTION:**

The release, which has now been sent to plaintiff on three separate occasions: attached to the request for production on October 29, 2004, via email on April 12, 2005, Exhibit J, and via letter on April 14, 2005, Exhibit C, was never executed and the documents requested were not produced.

*Plaintiff has executed the release and sent it to the government.*

Respectfully submitted,

Robert A. Vigeant
By his attorney

David A. Schechter #0903
Law Offices of David A. Schechter
150 Chestnut Street
Providence, RI 02903
401-274-4488
401-274-0927

Hand Delivered
Copy ~~Mailed~~ to:

Robin E. Feder, AUSA
Office of U.S. Attorney
Fleet Center
50 Kennedy Plaza
Providence, RI 02903
~~5/31/05~~
6/7/05