UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT A. VIGEANT, Plaintiff, | : | |
| v. | : | CA 02-441S |
| UNITED STATES OF AMERICA, Defendant. | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the court are Defendant's Renewed Motion to Dismiss for Plaintiff's Failure to Comply with Court Orders (Document #32) and Defendant's Amended Renewed Motion to Dismiss for Failure to Comply with Court Orders (Document #36). The motions have been referred to this Magistrate Judge for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and D.R.I. Local R. 32(a). The court treats the motions as a single motion and will refer to them collectively as the Motion to Dismiss or Motion. A hearing was conducted on June 15, 2005. For the following reasons, I recommend that the Motion to Dismiss be denied and that it instead be treated as a motion to compel more complete responses to Defendant's interrogatories and requests for production.

**Discussion**

Dismissal is an extreme sanction and Plaintiff's discovery failings, while substantial, do not at this juncture warrant that penalty. The case was commenced in 2002. However, Defendant did not file its Answer until December 21, 2004, and Plaintiff's counsel did not see that Answer until his return from vacation on or about January 7, 2005. Additionally, it was reasonable for Plaintiff's counsel to assume that, after acceding to Defendant's request for a sixty day extension within which to answer the

Complaint, Defendant would not expect Plaintiff to answer the interrogatories and requests for production (which had been propounded by Defendant on or about October 29, 2005) until after Defendant had answered the Complaint. Thus, although Defendant contends Plaintiff's discovery failings should be viewed in the context of a much longer time frame, see Defendant's Amended Memorandum in Support of Its Renewed Motion to Dismiss for Failure to Comply with Court Orders ("Defendant's Mem.") at 2-4, I find that the appropriate period is from January 7, 2005, to the present. While this is still a significant amount of time, it is less than six months. Given the nature of the case, I cannot say that Plaintiff's failure to comply with all of Defendant's discovery requests as of June 15, 2005, warrants dismissal.

Significantly, Defendant has never filed a motion to compel more responsive answers or responses to its interrogatories and requests for production. Although Defendant previously filed and then withdrew a motion to dismiss for failure to answer discovery requests,[1] the absence of a motion to compel (and of an order granting such a motion) weighs against dismissal. This Magistrate Judge considers a motion to compel to be an appropriate remedial measure which should be employed before moving for the ultimate sanction of dismissal.

The court accepts Plaintiff counsel's representation that he has a medical problem which has hindered his ability to comply with Defendant's discovery requests on a timely basis. In addition, Plaintiff's counsel has advised Plaintiff that because of this problem he will be unable to try the case and that another lawyer will have to be brought into the case for that purpose. This development makes it likely that some further

---

[1] According to Defendant, the withdrawal was made at the suggestion of District Judge William E. Smith.

adjustment in the dates established by the Amended Pretrial Order will be required in any case.

Plaintiff has not totally ignored Defendant's discovery requests, but has made some effort to comply with them. Admittedly, as detailed in Defendant's Mem., many of Plaintiff's responses appear to be deficient in one respect or another,[2] and Plaintiff's responses concerning expert witnesses do not appear to fully satisfy the requirements of Fed. R. Civ. P. 26(a)(2)(B). However, the effort by Plaintiff reflected in the record to date is sufficient to justify granting Plaintiff a further (and final) opportunity to comply with his obligations.

The parties disagree as to what District Judge William E. Smith stated at the March 28, 2005, status conference regarding the dates contained in the Amended Pretrial Order (Document #30). The conference was not on the record, and this court is unable to resolve the dispute which exists between counsel regarding Judge Smith's statements. Therefore, the court is unable to find that May 2, 2005, was the final deadline for Plaintiff to comply with all outstanding discovery obligations, a contention which is made repeatedly by Defendant.

Counsel also disagree over whether Defendant's counsel has been willing to meet with Plaintiff's counsel to discuss and resolve differences regarding the discovery process. Defendant's counsel contends that there have been such discussions while Plaintiff's counsel maintains that Defendant's counsel refuses to meet with him. Given this disagreement and the court's uncertainty as to which counsel's view is correct, the court declines to recommend dismissal.

---

[2] Plaintiff disputes many of the statements in Defendant's Amended Memorandum in Support of Its Renewed Motion to Dismiss for Failure to Comply with Court Orders ("Defendant's Mem.") regarding his compliance with Defendant's discovery requests. See n. 3.

Having determined that dismissal is too harsh a sanction for Plaintiff's discovery failings, I now consider the appropriate penalty. Although the court could limit Plaintiff to presenting at trial only that which he has produced or disclosed in discovery as of this date (an approach Defendant suggested at the June 15, 2005, hearing) I find that this also is too harsh a sanction in light of all the circumstances, especially Plaintiff's counsel's medical problem. A more appropriate sanction is to recommend that such a limitation be imposed in thirty days.

Weighing in favor of this latter approach is the fact that it will give Plaintiff additional time to comply with Defendant's discovery requests. It will also put Plaintiff on clear notice that he will be limited, absent exceptional circumstances, to presenting at trial that which he has produced to Defendant in discovery by July 15, 2005. In making this statement, however, the court does not mean to suggest that Plaintiff is otherwise excused from complying with the requirements of the Fed. R. Civ. P. governing discovery. He is not. Thus, if Plaintiff has provided Defendant with a report from an expert witness but the report does not contain a complete statement of all opinions to be expressed and the basis and reasons therefor and the data or other information considered by the witness in forming the opinions, as required by Fed. R. Civ. P. 26(a)(2)(B), Plaintiff may be precluded from presenting that expert witness's testimony at trial, notwithstanding the fact that a report (although not one which fully complies with Rule 26(a)(2)(B)) was provided to Defendant by July 15, 2005.

**Conclusion**

For the reasons stated above, I recommend that the Motion to Dismiss be denied, that the Motion instead be treated as a motion to compel, that Plaintiff be ordered to provide by July 15, 2005,

more complete answers to Defendant's interrogatories and requests for production, and that Plaintiff be limited to presenting at trial only that evidence which he produces or discloses to Defendant in discovery by July 15, 2005, and which also complies with the requirements of the Fed. R. Civ. P.[3] I further recommend that the Amended Pretrial Order be further amended by advancing: 1) the date for completion of Defendant's expert witness discovery to August 15, 2005; 2) the date for completion of expert witness depositions to September 15, 2005; 3) the date for filing dispositive motions to September 30, 2005; and 4) the date for filing pretrial memoranda to thirty days after a decision on any dispositive motion, and if no dispostive motions are filed by October 17, 2005.

---

[3] At the June 15, 2005, hearing Plaintiff's counsel sought to have the court further identify which answers and responses provided by Plaintiff to date were deficient. The court declined to undertake this burdensome task as the deficiencies alleged in Defendant's Mem. (some of which are disputed by Plaintiff) are too numerous for an item by item discussion. Plaintiff should look at what is being requested in the interrogatories and in the requests for production and then compare his responses to the questions posed and requests made. If his responses are deficient, he should supplement them.

If Plaintiff in his previous responses to a particular interrogatory or request for production formally objected to all or part of the question or request, he need not supplement the response unless Defendant, subsequent to June 15, 2005, files a motion to compel, seeking to have the objection overruled, and the court grants such motion to compel. If Defendant has not previously complained in writing about the deficiency of a particular response to an interrogatory or request for production, Plaintiff is not required to supplement his answer to that particular interrogatory or request for production. However, Plaintiff should bear in mind that Defendant is entitled to know by July 15, 2005, the basis for Plaintiff's claims and the evidence which he intends to present to prove those claims. This includes not only Plaintiff's claims as to liability but also his claims for damages. If at trial an objection is raised that a particular item of evidence which Plaintiff wishes to offer or present was not disclosed by July 15, 2005, Plaintiff should be prepared to point out where in his responses to Defendant's interrogatories and requests for production such item of evidence was disclosed.

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); D.R.I. Local R. 32. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

David L. Martin
United States Magistrate Judge
June 16, 2005