UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT A. VIGEANT | : | |
| | : | |
| V. | : | C.A. NO. 02-441S |
| | : | |
| UNITED STATES OF AMERICA | : | |

**DEFENDANT'S OBJECTION TO REPORT AND RECOMMENDATION REGARDING MOTION TO DISMISS FOR FAILURE TO COMPLY WITH COURT ORDERS**

Defendant objects to the R&R for the specific reasons outlined in the attached memorandum.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing objection to R&R was served by first-class mail, postage pre-paid, on the Plaintiffs' counsel, by mailing same on this the 27th day of June, 2005, to:

David A. Schechter, Esq.
Law Offices of David A. Schechter
150 Chestnut Street
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT A. VIGEANT | : | |
| | : | |
| V. | : | C.A. NO. 02-441S |
| | : | |
| UNITED STATES OF AMERICA | : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF OBJECTION TO REPORT AND RECOMMENDATION REGARDING MOTION TO DISMISS FOR FAILURE TO COMPLYWITH COURT ORDERS**

Defendant hereby incorporates its "renewed, amended motion to dismiss", supporting memorandum and attachments (motion to dismiss), which were filed with the Court on May 16, 2005. On June 16, 2005, this Court, Martin, M. J., issued a report and recommendation (R&R) regarding defendant's motion to dismiss for plaintiff's failure to comply with discovery orders. In the R&R, the Court noted plaintiff's "substantial discovery failings", but denied the motion nonetheless. The Court recommended that the motion to dismiss be converted to a motion to compel more responsive answers to interrogatories and requests for production; recommended that plaintiff's supplemental discovery be produced or disclosed by July 15, 2005; and directed that plaintiff would be limited at trial to producing "only that evidence which he produces or discloses to Defendant in discovery by July 15, 2005". R&R, p. 5. The R&R also contained a recommendation that the dates for defendant's expert disclosures, expert depositions, dispositive motions and pretrial memoranda be adjusted accordingly.

Defendant objects to the R&R and makes the following specific objections: First, to the extent that the R&R allows plaintiff until July 15, 2005 to supplement his expert disclosures and

discovery responses, defendant objects[1]. Second, to the extent the R&R requires defendant to file a further motion to compel more responsive answers to interrogatories and requests for production, defendant objects. R&R, p. 5, n. 3.

## BACKGROUND

The incomplete and unsigned discovery responses and expert disclosures in this case are particularly egregious because of the age of the case and the numerous procedural defaults of plaintiff's counsel. Although the R&R uses January 7, 2005 as the date on which plaintiff's discovery obligations began, defendant requests the Court to take a more comprehensive view of the case history.

This case stems from Vigeant's prosecution on weapons charges in this Court in 1997. Vigeant filed his first lawsuit stemming from that prosecution, a Bivens action, on May 11, 2000. That action was ultimately voluntarily dismissed, because plaintiff failed to serve the defendants[2]. On May 10, 2001, plaintiffs Vigeant and Pazienza[3], filed administrative tort claims with the IRS, DEA, and ATF. DEA was selected to respond to the claims, and on September 27, 2001, DEA requested certain information from plaintiffs, which information was necessary to process their claims. On March 1, 2002, DEA advised Vigeant and Pazienza that if the requested information was not received within thirty days, their claims would be denied. Plaintiffs did not

---

[1] The R&R does not explicitly extend plaintiff's expert disclosure date to July 15, 2005, as it does for plaintiff's more responsive answers to interrogatories and production responses. R&R at 4-5. However, to the extent that the R&R is read to extend the expert disclosure date, defendant objects.

[2] In the Bivens action, plaintiff alleged that Botelho and other unknown agents of the Bureau of Alcohol, Tobacco, and Firearms (ATF), the Drug Enforcement Administration (DEA), and the Internal Revenue Service (IRS) had violated his Fourth Amendment rights. Vigeant's first two motions to enlarge the time to serve defendant were granted, but the third such motion was denied on December 13, 2000. Vigeant appealed to the First Circuit, but subsequently filed a motion for voluntary dismissal. The appeal was dismissed on February 27, 2001.

[3] Pazienza was dismissed on motion of defendant.

supply the requested information and the claims were denied on April 17, 2002.

Plaintiff filed his complaint seeking $18,310,000 in the United States District Court on October 9, 2002. This, plaintiff's second case, is based on the exact same incidents as the prior Bivens case. It has been more than five years since suit was first filed on these same facts, and plaintiff has not produced one substantive document which supports his significant claim for more than $18 million dollars in damages[4]. Requests have been made of plaintiff for this documentation since the tort claims were filed in 2001. An extraordinary number of requests for extension, both formal and informal, have been requested by plaintiff in this case and granted, either by defendant or the Court. See, Exhibit A. However, on March 28, 2005, this Court set May 2, 2005 as the final date for complete discovery responses and expert disclosures[5].

## A. PLAINTIFF'S EXPERT DISCLOSURES

Plaintiff's expert disclosures were originally due on January 10, 2005. He requested informal extensions of time from defendant's counsel until February 10, 2005, February 15, 2005, and March 15, 2005. Defendant agreed to the first two extensions, but no agreement was reached regarding the March 15, 2005 date. Plaintiff never filed a motion with the Court to enlarge the time and did not, during this period of time, disclose his expert witnesses. In the interim, frustrated by negotiations over discovery issues with counsel for plaintiff, defendant moved to compel expert disclosure and compel answers to interrogatories and production

---

[4] Several reports of experts have been produced, but they do not comply with this Court's orders, as detailed in the motion to dismiss and below.

[5] Defendant received nothing on May 2, 2005 or May 3, 2005. On May 3, 2005, in a call initiated by defendant in search of responses, plaintiff's counsel indicated he was moving, and that he *might* be able to serve unsigned supplemental responses and expert disclosures on or about May 6, 2005, *if* he were able to unpack his computer and get it hooked up by then. Unsigned supplemental responses were received on May 9, 2005. As of today's date, those first supplemental responses remain unsigned.

responses on February 17, 2005. The motion was granted when no objection was filed. See, order granted by rule of court, dated March 7, 2005. Finally, plaintiff requested a scheduling conference with the Court to establish a new scheduling order. On March 28, 2005, this Court set May 2, 2005 as the final deadline for plaintiff to answer interrogatories, produce requested documents and disclose experts, in accordance with Rule 26(a)(2). See, March 28, 2005 Order. During the conference, this Court indicated that no further extensions of the discovery deadline or plaintiff's expert disclosure date would be allowed.

In the R & R, the Court suggests that plaintiff needs more time because of a medical condition, and because he intends to bring in substitute counsel. However, plaintiff has never asked the Court for more time to disclose experts or answer the first set of interrogatories or produce documents because of a medical condition, nor has he filed any written document with the Court in this regard, let alone a declaration or physician's note, indicating that counsel cannot adequately represent plaintiff based upon a medical condition. In fact, in his May 16, 2005 motion to enlarge the time to answer the *second* set of interrogatories (consisting of a single interrogatory), plaintiff simply states that more time is needed to gather the information requested. Nor has there been any attempt to withdraw from the case or to substitute counsel filed with the Court. Plaintiff's counsel has, however, offered a long litany of excuses for the various delays to defendant, including a variety of medical ailments and computer problems. Defendant continues to press for dismissal. However, if the Court declines to dismiss, Plaintiff's experts should be barred from testifying or offering evidence because of the failure to comply with this Court's directive in the amended pre-trial order and Rule 26(a)(2). At a minimum, plaintiff should be limited at trial to offering the opinions and information disclosed as of May 2,

2005, to the extent they comply with the pre-trial order and Rule 26(a)(2)[6].

Plaintiff has not provided the required expert disclosures for the five experts he has identified, as required by both the Court's Amended Pre-Trial Order and Rule 26(a)(2)(B). The Court's Amended Pre-Trial Order and Rule 26(a)(2)(B) require that for each expert specially employed to provide expert testimony, a report prepared and signed by the witness shall be produced. "The rule specifies that the report contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition with in the preceding four years." As noted, plaintiff has not complied with this rule. See, answer to interrogatory 4 and supplemental answer to interrogatory 4, infra, and Exhibits E and F, attached to the motion to dismiss. [7] Support for dismissal can be found in Damiani v.

---

[6] Defendant preserves all objections it may have to any such proffered evidence.

[7] According to plaintiff, his expert disclosures are contained within answer to interrogatory 4 (See Exhibit D attached to motion to dismiss): **INTERROGATORY 4:** Identify each person (including specialty) plaintiff intends to call as an expert witness, stating the subject matter on which each such expert witness is expected to testify; the substance of the facts and opinions to which each such expert witness is expected to testify and a summary of the grounds for each opinion held by each such expert; the name and location of any publication, data or other source on which the expert intends to rely; the name and location of any paper, presentation, publication, data or other source which the expert has written or given, in whole or in part, on the same subject-matter as the opinions in this case; and the compensation being rendered to such expert witness, including fees and costs.
**RESPONSE:** Gregory A. Porcaro, CPA/ABV, MST, Orlando, Porcaro, Pascarella & Gill, Ltd., 1230 Greenwich Avenue, Warwick, RI 02886, Report Attached, C/V Attached; Brian Hickey, APRN, BC, West Bay Psychiatric Associates, 300 Centerville Road, Warwick, RI; Mark Sheehan, CCJS, Family Health Counseling Center, 2677 Forest Hill Blvd., West Palm Beach, FL; Ronald Arsenault, psychotherapist, 3657 Post Road, Warwick, RI. Reports and C/Vs are on request and will be provided; James Cross, Marine surveyor, 241 Nooseneck Hill Road, West Greenwich, RI 02817, Report Attached, C/V on request.
**SUPPLEMENTAL RESPONSE:** Compensation has not been determined. Authorizations have been provided to the Government for release of the requested medical information.

Rhode Island Hospital, 704 F.2d 12 (1st Cir. 1983), in which the First Circuit, affirming Judge Pettine's dismissal of a complaint for failure to comply with discovery requests and a string of broken promises by plaintiff's counsel. See also, Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 12 (1st Cir. 1991). If the Court does not grant the motion to dismiss, the Court should, at a minimum, bar plaintiff's proposed experts from testifying, otherwise presenting evidence, or limit plaintiff's offer of testimony to what was disclosed as of May 2, 2005. [8]

---

**REASON FOR MOTION**: Plaintiff's answer is wholly insufficient. He identifies 5 specially retained expert witnesses, but does not provide the requested information regarding them.

1. Gregory Porcaro - Plaintiff attached Mr. Porcaro's report and CV, which can be found attached to Exhibit E of the motion to dismiss, however, the report does not disclose the grounds for his opinion; the name and location of any publication, data or other source on which he intends to rely; the name and location of any paper, presentation, publication, data or other source which the expert has written or given, in whole or in part, on the same subject-matter as the opinions in this case; or the compensation being rendered to him.
2. Brian Hickey - plaintiff did not attach a CV or a report and did not state the subject matter on which Mr. Hickey is expected to testify; the substance of the facts and opinions to which he is expected to testify or a summary of the grounds for each opinion held; the name and location of any publication, data or other source on which he intends to rely; the name and location of any paper, presentation, publication, data or other source which he has written or given, in whole or in part, on the same subject-matter as the opinions in this case; or the compensation being rendered to him. An authorization for release of medical records does not and could not retrieve this information.
3. Mark Sheehan - plaintiff did not attach a CV, although he attached a one paragraph "report" or statement, which can be found attached to Exhibit E to the motion to dismiss. Nonetheless, neither plaintiff, nor Mr. Sheehan's report provides any discernible opinions related to this case, a summary of the grounds for each opinion held; the name and location of any publication, data or other source on which he intends to rely; the name and location of any paper, presentation, publication, data or other source which he has written or given, in whole or in part, on the same subject-matter as the opinions in this case; or the compensation being rendered to him. An authorization for release of medical records does not and could not retrieve this information.
4. Ronald Arsenault - despite plaintiff's representations, he did not attach a CV or a report and does not state the subject matter on which Mr. Arsenault is expected to testify; the substance of the facts and opinions to which he is expected to testify or a summary of the grounds for each opinion held; the name and location of any publication, data or other source on which he intends to rely; the name and location of any paper, presentation, publication, data or other source which he has written or given, in whole or in part, on the same subject-matter as the opinions in this case; or the compensation being rendered to him. An authorization for release of medical records does not and could not retrieve this information.
5. James Cross - plaintiff attached a report to his production response, which can be found at Exhibit G to the motion to dismiss, but did not attach a CV. Nor has he produced the name and location of any paper, presentation, publication, data or other source which he has written or given, in whole or in part, on the same subject-matter as the opinions in this case; or the compensation being rendered to him.

[8] The interrogatory responses, supplemental responses and explanation of their insufficiency can be found at defendant's motion to dismiss, pp. 7-18 and E and F, attached to the motion to dismiss. Production responses are discussed more fully below.

**B. PLAINTIFF'S OBJECTIONS TO DISCOVERY**

Plaintiff did not object to a single interrogatory, nor did he timely object to any requests for production[9]. He did, however, object to the following requests for production: 1, 5, 6, 7, 8, 9, 12 and 13. In the R&R, in addition to extending the response date to July 15, 2005, the Court recommends that if plaintiff has "formally objected to all or part of the question or request, he need not supplement the response unless Defendant, subsequent to June 15, 2005, files a motion to compel, seeking to have the objection overruled, and the court grants such motion to compel." Defendant objects to this aspect of the R&R. R&R, p. 5, n. 3[10].

First, the objections were interposed beyond the date for the responses, and as such, are invalid. Rule 34(b) of the Federal Rules of Civil Procedure requires that a party upon whom a request for discovery is served respond within thirty days, either stating its willingness to comply or registering its objections. If the responding party fails to make a timely objection, or fails to state the reason for an objection, he may be held to have waived any or all of his objections. Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 12 (1st Cir. 1991), citing, 4A Moore's Federal Practice ¶ 34.05[2] (citing Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540, and Krewson v. City of Quincy, 120 F.R.D. 6 (D.Mass.1988)). See also, Damiani v. Rhode Island Hospital, 704 F.2d 12 (1st Cir. 1983). Plaintiff in this case not only failed to register any objection to the

---

[9] Plaintiff's responses to requests for production were originally due on November 29, 2005 and defendant agreed to extensions to January 10, 2005, February 10, 2005 and February 15, 2005. Production responses were not served until March 28, 2005, and therefore, pursuant to Rules 34(b) and 37 of the Federal Rules of Civil Procedure, any objections were waived.

[10] Although not specifically included in the motion to dismiss, plaintiff's response to request number 2 is also inadequate. It requested all documents to be offered at trial. It was not objected to, and the answer was "not yet determined". Similarly, request number 14 seeks learned treatises and medical journals, etc. that plaintiffs expert will rely on. It, too, was not objected to, and the answer was "not yet determined at this time" ... even though expert interrogatories were past due. See Attachment G to the motion to dismiss.

discovery requests within the appropriate period following defendant's initial requests, he subsequently failed to object within the time period agreed to by defendant, or later defined by the Court's order compelling discovery, nor, within that period, did he seek relief from the court's order. Marx at 12.

Second, the objections made by plaintiff are without merit. In response to requests 1, 5, 6, 7, 8, 9, 12 and 13, the only objections raised are work product and attorney client privilege. Defendant most likely has no interest in obtaining documents that are validly in either of those two categories. More to the point, however, is that in his objections, plaintiff did not specify what documents are responsive to the requests, as required by Rule 26(b)(5), or produce the necessary privilege log. Thus the objections, even if they were timely, would be invalid. Rule 26(b)(5) deems that in general, when a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection. U.S. v. Optrex America, Inc., 2004 WL 1490419, 3 (CIT), also referencing Burns v. Imagine Films Entm't, 164 F.R.D. 589, 593-594 (W.D.N.Y.1996) (noting that "where Defendants ... claimed that information requested and material sought were privileged but did not state nor demonstrate the underlying facts or circumstances of the privilege or protection ... such privilege is denied"). An additional objection to request no. 1 is that the request is burdensome and harassing. Defendant disagrees.

Third, plaintiff, in response to each of the above requests, said that he attached documents

to his answers to interrogatories, but did not do so. The only documents which have been received in this litigation or previous litigation, and attached to interrogatory answers or otherwise, are the following: an accountant's report and CV; a one paragraph "report" of one therapist; a report from a marine surveyor regarding one boat; a copy of his criminal record; his pre-sentence investigation report and the transcript of a violation hearing before the Rhode Island Superior Court, the latter not received until June 7, 2005. [11]

Fourth, in its motion to dismiss, the second half of which is laid out like a motion to compel more responsive answers, defendant specifically identified that plaintiff's responses to certain of these requests (1, 5, 7, 8, 12 and 13) were invalid, repeated the request, plaintiff's response and the reason the response was insufficient. See motion to dismiss, pp. 19-25, and Exhibits G and H, attached to the motion to dismiss. Moreover, the Court, in its R&R, converted the motion to dismiss into a motion to compel more responsive answers, and defendant should not have to file an additional such motion. To the extent the Court accepts the R&R, defendant urges this Court to treat this motion, incorporating its prior motion to dismiss, as the required motion to compel more responsive answers and production.

The Court's reference to plaintiff's complaint that "[d]efendant's counsel refuses to meet with him" is not based in fact. As noted in Exhibit A, attached hereto, defendant has made multiple attempts to negotiate with plaintiff regarding discovery issues, obtain discovery from

---

[11] Plaintiff's counsel discussed this issue with defendant. In those discussions, defendant indicated that plaintiff did not have to produce the First Circuit decision at issue. As to the trial transcript from the criminal case, defendant indicated that in lieu of producing the trial transcript, plaintiff could identify the dates and numbers of pages (for each date) of the trial transcript, and that the trial transcript itself would not have to be produced, unless defendant were missing some portion of it (which would be later identified to plaintiff). Defendant specifically required that the transcript of any other proceeding being relied on (motions, sentencing, etc.) had to be produced, as well as copies of any motions or affidavits being relied on. None of these documents were produced.

plaintiff, and has returned every phone call and email, usually the same day (but occasionally the next working day, and on just one occasion several working days later). Only when plaintiff's extensions began to prejudice defendant, vis a vis the Court's discovery deadlines, did defendant object to enlargements of time. In Defendant's view, never has so much time been spent attempting to obtain discovery, for so little received.

For all of the foregoing reasons, and specifically, for plaintiff's failure to comply with the Court's Pre-Trial Order of October 13, 2004, its March 7, 2005 order granting defendant's motion to compel, and its more recent amended Pre-Trial Order of March 28, 2005, defendant respectfully requests that the R&R be rejected in part, and that the complaint be dismissed.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing memorandum in support of objection to R&R was served by first-class mail, postage pre-paid, on the Plaintiffs' counsel, by mailing same on this the 27th day of June, 2005, to:

David A. Schechter, Esq.
Law Offices of David A. Schechter
150 Chestnut Street
Providence, RI 02903

**VIGEANT-TIMELINE-OBJECTION TO R&R MOTION TO DISMISS - DISCOVERY**

| | |
|---|---|
| 10/9/02 | Second Complaint filed. |
| 2/4/03 | Vigeant's motion to Enlarge Time within which to serve the summons and complaint on United States of America. |
| 4/28/03 | Defendant's motion to dismiss filed. |
| 5/5/03 | Mr. Schechter called because he needs more time to respond to motion to dismiss. Told him to send over a stipulation for whatever he needs. |
| 5/20/03 | Vigeant's stipulation extending time to 6/26/03 for plaintiffs to respond to motion to dismiss filed. |
| 6/26/03 | Vigeant's stipulation extending time to 7/18/03 for plaintiffs to respond to motion to dismiss filed. |
| 7/18/03 | Mr. Schechter called (brief due today) because he is having trouble getting his brief out of the computer, and says we will get it on Monday (7/21/03). Told him no problem. |
| 7/21/03 | No brief from plaintiff. |
| 7/22/03 | Vigeant's stipulation extending time to 7/22/03 for plaintiffs to respond to motion to dismiss filed. Objection to motion to dismiss is also filed. |
| 5/6/04 | R&R issued. |
| 5/19/04 | Defendant's Objection to R&R is filed. |
| 6/2/04 | Mr. Schechter called because he wants to know if defendant has an objection to a 7 - 10 day extension to reply to objection to R&R. Told him no objection. |
| 6/9/04 | Vigeant's stipulation extending time to 6/18/04 for plaintiff to file response to objection to R&R filed. Defendant signed stipulation, even though it was beyond the 7 - 10 days originally agreed upon. |
| 6/16/04 | Vigeant's motion to enlarge time to 6/30/04 to file response to objection to R&R filed. |
| 6/30/04 | Vigeant's motion to enlarge time to 7/6/04 to file response to objection to R&R filed. |

10/1/04 Order accepting the R&R.

10/8/04 Rule 16 conference.

10/13/04 Scheduling order entered. Expert disclosures due 1/10/05. Discovery closes 4/8/05.

10/29/04 Discovery served on plaintiff. Responses due 11/29/04.

11/17/04 Call to Mr. Schechter seeking extension on Government's answer to complaint. He has no objection to the extension, because he needs more time for discovery responses and requests until 1/10/05 to respond. I have no objection.

12/14/04 Stipulation allowing extension of defendant's answer period up to 12/23/04 and plaintiff's discovery responses up to 1/10/05 filed.

12/21/04 Defendant's answer filed.

1/7/05 Mr. Schechter called because he needs more time to answer discovery and wants to file a joint motion to extend the time for his discovery responses. I have no objection. He'll call next week when he's back in the office.

1/13/05 Chance meeting with Mr. Schechter, who suggested a 30-day extension on the expert disclosure (to 2/10/05) and until the first week in February for his discovery responses. Defendant indicated no objection, in theory, to the extension, as long as defendant could have whatever additional time was needed to conduct discovery and hire an expert(s). Mr. Schechter agreed.

1/20/05 Letter to Mr. Schechter confirming agreement regarding discovery.

1/31/05 Mr. Schechter called because he wants my email address so he can send me the proposed motion for enlargement as requested. I gave him my email address, but told him to send me a hard copy too. He said he'd hand deliver it by messenger tomorrow (2/1/05). Also said he hasn't asked for a conference with Smith, J. yet, but will send the request over with the motion for enlargement.

2/1/05 Mr. Schechter forwarded a proposed Motion for Enlargement of Time of the Pre-Trial Order which would have allowed plaintiff up to 2/15/05 to answer discovery and to make expert disclosures (as opposed to the 2/10/05 date agreed to), but did not include the promised request for a meeting with the Court. Mr. Schechter then forwarded an amended proposed "Motion for Enlargement of Time of the Pretrial Order", which omitted the due date for plaintiff's discovery responses, and the request for a meeting with the Court.

| | |
|---|---|
| 2/3/05 | Mr. Schechter sent a third proposal to enlarge the pre-trial order. This motion did not include a due date for plaintiff's discovery responses, and would have further enlarged plaintiff's expert disclosure to 3/15/05 (as opposed to the 2/10/05 date agreed to), and again did not include the request for a meeting with the Court. |
| 2/14/05 | Mr. Schechter called seeking acceptable dates for a meeting with the District Judge, and indicated that defendant would *hopefully* receive discovery responses before the end of the week of February 18, 2005 (because he was out the week before with a bad back). I indicated that I would be filing a motion to compel. |
| 2/17/05 | Defendant's motion to compel answers to interrogatories, responses to production requests and expert disclosures filed. |
| 3/1/05 | Mr. Schechter called because he is leaving to go out of town on Friday 3/4/05 for 12 days, and said that defendant would receive discovery responses before then. He also requested copies of the administrative claims he had filed with the Federal agencies on behalf of his client. He indicated that he did not have tax information, but that if I sent him a tax release, he would have it signed by his client on Saturday 3/6/05, at the latest, and he would immediately express mail it to me. |
| 3/2/05 | Letter to Mr. Schechter enclosing tax release form. |
| 3/4/05 | Nothing received from Vigeant. |
| 3/7/05 | Letter to Mr. Schechter enclosing Vigeant's administrative claim forms. |
| 3/7/05 | Order granting defendant's motion to compel rule of court (no objection filed by Vigeant), requiring discovery responses served within 10 days of the filing of the motion to compel (2/27/05). |
| 3/16/05 | Defendant's motion to dismiss for failure to comply with 3/7/05 Order. |
| 3/16/05 | Mr. Schechter called to advise that his client's answers to interrogatories and production responses were being "Fed Ex'd" from Florida, and that defendant should have them today or tomorrow (3/16/05 or 3/17/05). I told him I had received nothing and that I had filed a motion to dismiss. I told him I would advise the Court if I received responses. |
| 3/16/05 | Mr. Schechter called (second time today). He left message asking if I'd received the answers to interrogatories and production response, because he was "pretty sure" he had sent them, but was not positive. |

Note: After the 3/16/05 motion to dismiss was filed, Mr. Schechter contacted defendant by leaving messages or sending emails on 3/16, 3/18, 3/22, 3/23, 3/24 and 3/25 inquiring whether the responses were received, promising they would be re-sent, or promising to deliver them within the hour.

3/18/05 Answers to interrogatories served. Attachments are report of Porcaro and CV, one paragraph report of Sheehan. No other documents identified as "attached" were included.

3/21/05 Email to Mr. Schechter to indicate that specific interrogatory answers are incomplete and production responses and expert disclosures were not received and to request assurances that further responses would be provided.

3/24/05 Email to Mr. Schechter specifically detailing which answers were inadequate ( 2, 4, 5, 11, and 13 to 20) and requesting assurances that further responses would be provided.

3/28/05 Scheduling conference. The Court asks Mr. Schechter for a date by which he can comply with discovery. Mr. Schechter indicates he can easily comply with the date suggested. New fact discovery closure date 5/2/05. The Court indicates that no further extensions will be granted. The Court requests defendant to withdraw its motion to dismiss and to not file its supplemental memorandum (indicating answers to interrogatories were served, but were insufficient and no production response had been received) and meet with Mr. Schechter to clarify which discovery responses are inadequate. The Court indicated defendant could renew the motion if discovery were not received.

3/28/05 Meeting with Mr. Schechter outside chambers to review interrogatory responses that were deficient. Mr. Schechter agreed to provide the requested information, and promised that it would be received by 5/2/05.

3/28/05 Production response received from Vigeant. Only attachment is the report of James Cross, marine surveyor. Exhibit G, attached to the motion to dismiss. Other documents indicated as attached were not included.

4/12/05 Call to Mr. Schechter and in a lengthy telephone conference, identified each production response which was deficient and the way it ought to be more fully responded to. In that same conversation, defendant again reviewed each interrogatory response that was deficient. Mr. Schechter again agreed to provide both the production and interrogatory answers requested by 5/2/05.

4/12/05 Email sent to Mr. Schechter attaching/resending medical and employment releases to be signed by Vigeant.

| | |
|---|---|
| 4/14/05 | Letter sent to Mr. Schechter on 4/14/05 to confirm the conversations regarding the discovery, which letter included additional releases, that plaintiff's counsel agreed to have signed. Exhibit C to the motion to dismiss. |
| 4/14/05 | Defendant's second set of interrogatories (containing 1 interrogatory) are served on Vigeant. Response is due 5/14/05. |
| 5/2/05 | Nothing received from Vigeant. |
| 5/3/05 | Nothing received from Vigeant. |
| 5/3/05 | Call to Mr. Schechter to inquire regarding missing interrogatory answers, production responses and expert disclosures. Mr. Schechter explained that he was moving his office to Jamestown; that he would contact defendant's counsel on Thursday 5/5/05 to discuss interrogatory answers again; that he *might* be able to have unsigned answers to interrogatories to defendant's counsel by Friday 5/6/05 *if* he were able to unpack his computer and get it hooked up by then; and that he would have the discovery and disclosures to defendant by the following Monday 5/9/05, "at the latest". |
| 5/9/05 | Nothing received from Vigeant in the mail. |
| 5/9/05 | Defendant's renewed motion to dismiss filed. |
| 5/9/05 | Unsigned supplemental interrogatory answers and production responses were served late in the day on May 9, 2005. Attached were a BCI report and pre-sentence investigation report. |
| 5/16/05 | Defendant's amended renewed motion to dismiss (incorporating supplemental responses received on May 9, 2005) filed. |
| 5/16/05 | Vigeant's motion to enlarge the time to respond to defendant's second set of interrogatories is filed. |
| 5/27/05 | Mr. Schechter emailed the following: "In your memo you make reference that my discovery responses were due on 5/2/05, I can find no such order. Could you please point me to it?" |
| 5/27/05 | Vigeant's answers to second set of interrogatories are served on defendant by fax. |