UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT A. VIGEANT | : | |
| | : | |
| V. | : | C. A. FILE NO. 02-441 S |
| | : | |
| UNITED STATES OF AMERICA | : | |

CONDITIONAL OBJECTION TO THE MOTION OF THE UNITED STATES OF AMERICA TO FILE A MEMORANDUM AND ATTACHMENTS IN EXCESS OF PAGE LIMIT AND FOR ADDITIONAL TIME TO PREPARE APPENDIX AND FILE SUMMARY JUDGMENT MOTION

Now comes the Plaintiff, ROBERT A. VIGEANT, in the above-entitled matter who files the following Conditional Objection to the Defendant, UNITED STATES OF AMERICA'S (hereinafter referred to as "USA"), Motion for Additional Time to file a Motion for Summary Judgment. The basis of this Motion is the following:

Plaintiff's Counsel have just recently entered in this matter, and they have attempted to obtain the complete file in this case and have attempted to reconstruct and read the history and travel of this case. In doing so, we have found that the case was filed by Plaintiff's original Counsel on October 9, 2002. The Defendant did not file an Answer to this case until December 21, 2004. That the first schedule set by the Court for dispositive Motions indicated that they would be filed by the Defendant no later than May 9, 2005. That the Order was amended on March 28, 2005, allowing dispositive Motions to be filed no later than August 15, 2005. That the Order was amended a third time on August 3, 2005, allowing the Defendant to file its dispositive Motions no later than August 30, 2005. That the scheduling Order was amended a fourth time on August 25, 2005, allowing the Defendant to file a Motion for Summary Judgment no later than September 30, 2005. Looking on its face, these types of extensions are not completely unheard of, and under normal circumstances, the Plaintiff would have no Objection to acceding to the request of the Defendant. However, in reviewing the file again, we note that

discovery was first propounded to the Plaintiff by the Defendant in November of 2004, prior to Defendant even filing an Answer to this case. Magistrate David Martin has indicated in his Report and Recommendation issued June 17, 2005, that the operative date for discovery beginning should not have occurred until at least sometime after the Answer was filed by Defendant. Plaintiff's original Counsel has represented at a previous hearing that he did not receive the Answer until sometime in January, 2005.

Plaintiff's Counsel also indicated that much of the discovery, at least 99% of it, pertained to issues involving damages and expert witnesses who would testify as to damages. Additionally, Plaintiff's Attorney has indicated that much of the information requested by the Defendant in the form of Request for Production and Interrogatories were documents that had been seized previously by the Defendant during the criminal action that precipitated this lawsuit. None of those documents have been returned by the USA, and the Plaintiff has had to reconstruct almost all of his damage claim by going to companies that he did business with prior to being incarcerated. As a result, his discovery has been slow in coming forth. In the whole scheme of things, if you consider February-March, 2005, the beginning of discovery, it really isn't that much time. Despite the tremendous obstacles faced by the Plaintiff and the fact that the Plaintiff's previous Counsel had serious health problems that apparently marginalized his ability to respond to these discovery requests, the Defendant has been relentless in pursuing discovery and insisting on all deadlines being met and filing numerous Motions to Dismiss if a deadline is missed by a few days.

In reviewing the docket in this case, we count no less than 5 or 6 Motions to Dismiss on the part of the Defendant filed a few days after a document is late in coming. Magistrate Martin, in hearing these Motions to Dismiss on June 15, 2005, appeared to feel that this aggressive behavior on the part of the USA was not justified and in fact found that in some cases, Motions to Dismiss came before a Motion to Compel was even filed. The Report and Recommendation of Magistrate Martin has been objected to by the USA, and apparently the denial of these

Motions to Dismiss are still pending, presumably waiting for the Court to rule on the expected dispositive Motion to be filed by the Defendant.

It is now October 5, 2005, 6 days after the expiration of the fourth extension granted to the USA to file its dispositive Motion for Summary Judgment. All things being equal, this is not a long time; but if we asked the USA to adhere to the rigid time constraints that it expects the Plaintiff to conform to, it would seem that four bites of the apple is more than enough for the USA, and its Motion to Extend Time should be denied.

In reading the Motion of the USA, one might expect the USA to say, "well, we had to get these extensions because the Plaintiff didn't answer the discovery as requested"; but if one reads the pertinent points of their request for an extension of time, it appears that their Motion for Summary Judgment is based entirely on the issue of liability, and the so-called deficiencies on the part of the Plaintiff in providing discovery have all been in the area of damages. Arguably, if the Plaintiff had not provided anything, which is not the case, the USA would not be prejudiced in any way if they had been required to file their dispositive Motion on the issue of liability back on May 9, 2005, when the first dispositive motion deadline was set.

That all being said, Plaintiff feels he has a strong enough case to win this matter on the merits and doesn't want to win it on a technicality and deny the USA its right to defend because of a technicality. However, the Plaintiff feels that there should be a "quid pro quo" here that if the USA feels that it needs an extra thirty (30) days to file its Motion for Summary Judgment, that the price that it should pay is that it should drop its Objection to the Report and Recommendation of the Magistrate in reference to discovery matters against the Plaintiff and specifically point out exactly what is deficient in the responses of the Plaintiff to the Request for Production and Answers to Interrogatories and file a Motion to Compel in reference to those matters so that the Plaintiff is not operating in a vacuum and has the Court determine what is sufficient and what is not sufficient as far as their responses to discovery are concerned. Then in that case, the Plaintiff would have no objection to a reasonable extension of time for the so-

called dispositive motion to be filed by the Defendant. Otherwise, the Defendant should be forced to live by its own standards in reference to time constraints.

ROBERT A. VIGEANT

By his Attorneys,

FLAHERTY, BUTTERFIELD & COSTELLO

Daniel K. Flaherty, Esquire #2466
College Park - Suite 20D
33 College Hill Road
Warwick, RI 02886
(401)822-1800 ext. 213
(401)822-1879 (FAX)

Frederick A. Costello #2205
College Park - Suite 20D
33 College Hill Road
Warwick, RI 02886
(401)822-1800 ext. 224
(401)822-1879 (FAX)

CERTIFICATE OF SERVICE

I hereby certify that I mailed a true copy of the within Objection to Robin E. Feder, Assistant United States Attorney, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903; and to David A. Schechter, Esquire, 150 Chestnut Street, Providence, RI 02903 on the 5th day of October, 2005.