UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT A. VIGEANT, Plaintiff, | : | |
| | : | |
| V. | : | C.A. NO. 02-441S |
| | : | |
| UNITED STATES OF AMERICA, Defendant. | : | |

**RESPONSE TO "CONDITIONAL" OBJECTION TO DEFENDANT'S MOTION FOR LEAVE TO FILE MEMORANDUM AND ATTACHMENTS IN EXCESS OF PAGE LIMIT AND FOR ADDITIONAL TIME TO PREPARE APPENDIX AND FILE SUMMARY JUDGMENT MOTION**

The motion to exceed and to extend should be granted. The attorneys who filed the conditional objection are not properly before the Court; every extension to and change of scheduling orders has been caused by plaintiff's failure to comply with Court-imposed deadlines and discovery orders; and defendant cannot file its brief before a protective order is entered regarding documentary support for its motion.

The "conditional objection" to defendant's motion to exceed page limits and to extend time was filed by attorneys who have not been given leave to enter their appearance (proposed-substitute counsel). Their conditional objection is therefore not properly before the Court and cannot be considered at this time. Local Rule 6(d) mandates that when a motion is pending before the Court, leave of court is required before a substitution of counsel can take place. As noted in its response to the "stipulation" purporting to substitute counsel, the United States' Motion to Dismiss, based on plaintiff's discovery violations, remains pending before the Court,

albeit in a deferred status.[1] See, United States' Response to Plaintiff's Substitution of Counsel by Stipulation. The motion to dismiss was filed May 16, 2005; an objection to the R&R was filed on June 27, 2005. On August 2, 2005, the Court deferred ruling on the United States' motion to dismiss and the United States' objection to the R&R, until its summary judgment motion is decided. See, Scheduling Order, dated August 2, 2005, ¶ 1.

In the event this Court addresses the conditional objection, it must be noted that proposed-substitute counsel's representations regarding the docket are completely inaccurate. The scheduling order changes were sought by plaintiff, as were the enlargements of time (with few exceptions). Plaintiff sought enlargements of time on February 24 2003, May 20, 2003, June 26, 2003, July 24, 2003, June 9, 2004, June 16, 2004, June 30, 2004, May 16, 2005, May 31, 2005, June 30, 2005, and July 12, 2005. With only one exception (May 18, 2005), no objection was raised. See, District Court docket. Indeed, many requests for enlargement were agreed to by defendant. See, District Court docket. Defendant agreed informally to even more requests for extension, which do not appear in the docket. As noted, on two separate occasions, plaintiff sought new scheduling orders, in order to have additional time to comply with defendant's discovery requests and court orders to compel or supplement discovery and/or to disclose experts.[2] As plaintiff requested, the Court entered new scheduling orders following conferences

---

[1] There was no stipulation between plaintiff and defendant regarding the substitution of counsel. The "stipulation" is between plaintiff's counsel and proposed-substitute counsel for plaintiff.

[2] In this regard, the suggestion by proposed-substitute counsel that defendant has been overly aggressive in its effort to secure discovery responses demonstrates a lack of familiarity with the travel of the case. In an administrative claim dated May 10, 2001, Vigeant requested $18,310,000.00 from DEA, the IRS, and ATF. On September 27, 2001, DEA, designated to respond to the claims, requested certain information from Vigeant which was necessary to process his claim. It was not received and DEA renewed its request on January 15, 2002. On March 1, 2002, DEA again requested that information from Vigeant and advised him that if the

with the Court, Smith, J., on March 28, 2005, and August 1, 2005. Because plaintiff had not complied with defendant's discovery requests or turned over expert disclosures, dispositive motion deadlines have never been reached.

In order to accommodate plaintiff's counsel's desire to find substitute counsel, at the August 1, 2005, scheduling conference, the parties agreed to file dispositive motions in the case (defendant to file first). Defendant's intent was to file a motion for judgment on the pleadings, reserving summary judgment issues for a later date, but the Court requested that defendant submit a motion for summary judgment, including as many dispositive arguments as possible (without prejudice to filing a later summary judgment motion, when the dispositive motion date finally arrived). This "motions interlude" was an accommodation to counsel and is not the typical dispositive motion deadline from the scheduling order, as proposed-substitute counsel suggests. August 30, 2005, was originally set as the motions date. Proposed-substitute counsel's suggestion that there were earlier dates not met again demonstrates an understandable unfamiliarity with the travel of the case.

Additionally, defendant has been unable to discuss a protective order regarding exhibits to its motion, as counsel for plaintiff is deferring issues to proposed-substitute counsel, who have not been granted leave to enter their appearance.

WHEREFORE, defendant seeks leave of this Honorable Court to file to extend the September 30, 2005, date currently set for filing its dispositive motion to October 31, 2005, so

---

requested information was not received within thirty days, his claim would be denied. Vigeant did not supply the requested information and the claims were denied on April 17, 2002. This very same information, requested more than four years previously, and never provided, was again requested in discovery issued on October 29, 2004, following the ruling on defendant's partial 12(b)(6) motion to dismiss.

that it can complete its motion and submit a motion for a protective order, or stipulated protective order, in support of its motion for summary judgment.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 11th day of October, 2005, a true and correct copy of the foregoing Response to Conditional Objection, was served on Plaintiff, by first class mail, postage prepaid, as follows:

David A. Schechter, Esq.
Law Offices of David A. Schechter
157 Waterman St.
Providence, RI 02906

Daniel K. Flaherty, Esq.
33 College Hill Road, Suite #20D
Warwick, RI 02886