RECEIVED
OCT 28 2005
U.S. ATTORNEY
DISTRICT OF R.I.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT A. VIGEANT :
:
V. : C.A. NO. 02-441S
:
UNITED STATES OF AMERICA :

STIPULATION FOR PROTECTIVE ORDER

Plaintiff in this action seeks damages as a result of a ruling by a federal appeals court that federal agents did not set forth probable cause in their search warrant application and supporting affidavit. The United States has prepared a motion for summary judgment and, in it, relies on information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, and by the law enforcement investigatory privilege. In order to permit the United States to disclose this information without undermining the legislative purposes underlying the Privacy Act or the purposes underlying the law enforcement investigatory privilege, the parties have agreed to this protective order. Accordingly, pursuant to the Privacy Act and Rule 26 of the Federal Rules of Civil Procedure,

IT IS HEREBY STIPULATED AND AGREED by and between defendant United States of America ("defendant") and plaintiff Robert Vigeant ("plaintiff") as follows:

1. **PURPOSE OF STIPULATION:**

Pursuant to the Privacy Act of 1974, 5 U.S.C. § 552(a), the federal government is prohibited from disclosing records containing information regarding individuals who have not consented to their release. Doe v. Chao, 540 U.S. 614, 616 (2004) ("Doe"); Orekoya v. Mooney, 330 F.3d 1, 5 (1st Cir. 2003), abrogated on other grounds by Doe. The Privacy Act regulates the collection, maintenance, use and dissemination of personal information by federal government agencies and provides in pertinent part:

of TEA

request by, or with the prior written of

> "No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written consent of, the individual to whom the record pertains, unless disclosure of the record would be ... (11) pursuant to the order of a court of competent jurisdiction. ..."[1]

5 U.S.C. § 552a (b) (emphasis supplied). The court may order the disclosure of such documents where it finds that the need for disclosure outweighs the potential harm to the subjects of the disclosure. Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Calif. 1995).

Defendant, in support of its motion for summary judgment, relies on certain agency records, the disclosure of which pose a risk to the privacy interests of individuals not party to this action, and/or which are subject to the law enforcement investigative privilege. In order to permit defendant to introduce into evidence information relevant to this action without undermining or violating the Privacy Act or the law enforcement investigatory privilege, the parties seek an Order of the Court permitting defendant to produce such records to plaintiff and permitting the parties to use such records solely for the purposes of this litigation.

## 2. DESIGNATION OF RECORDS PROTECTED BY THE PRIVACY ACT AND/OR THE LAW ENFORCEMENT INVESTIGATORY PRIVILEGE

Whenever counsel for the United States believes that information which may be within the scope of the provisions of the Privacy Act or subject to the law enforcement investigatory privilege has been or may be revealed, the following procedures shall be followed:

---

[1] The term "record" is defined in the Privacy Act as: "any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history, and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph." 5 U.S.C. § 552a(a)(4).

of TEA

(a) Counsel for the United States shall designate the information as subject to this Order by letter mailed to counsel for plaintiff.

(b) To the extent practicable, defendant will redact highly sensitive and personal information from the records produced, including but not limited to information subject to the law enforcement investigatory privilege.

(c) Nothing herein shall be construed to preclude defendant from asserting the law enforcement investigatory privilege or any other applicable privilege and declining to produce records or information, or portions thereof, where defendant deems appropriate.

(d) Nothing herein shall be construed to preclude plaintiff from challenging defendant's assertion(s) of privilege in court pursuant to the Federal Rules of Civil Procedure or any other governing authority.

(e) This stipulation and order is not intended to compromise the rights of any party to object to discovery pursuant to the Federal Rules of Civil Procedure or any other governing authority nor is it intended to alter any burden of proof regarding any assertion of privilege in this matter.

(3) **USE OF RECORDS PROTECTED BY THE PRIVACY ACT AND/OR THE LAW ENFORCEMENT INVESTIGATORY PRIVILEGE**

The parties may use the records produced by defendant in this case, as follows:

(a) The parties may use records produced by defendant in all proceedings in this case. However, all portions of transcripts, all exhibits, all answers to interrogatories, and all other documents and materials filed with the court which are comprised of, or which contain,

information designated as subject to this Order shall be served upon opposing counsel and shall, if filed in the Clerk's Office, be filed in sealed envelopes or other approved sealed containers on which shall be endorsed the title to this action, a brief description of the contents of such sealed envelope or container, the words "under seal," and a statement substantially in the following form:

> "This envelope contains documents which are filed in this case by [name of party] and is not to be opened except pursuant to order of the Court."

(b) The right of access to all materials designated as subject to this order shall be limited to the parties, counsel for the parties, paralegals and expert or opinion witnesses in the parties' employ, and any other person mutually authorized by all counsel or parties to examine such materials. The foregoing right of access to these materials shall be provided only if a party or counsel for the party is a signatory to this Order and agrees to be bound by its terms. Any person having access to information subject to this Order shall be informed that it is confidential and subject to a non-disclosure Order of the Court.

(c) Except as provided herein, no person having access to material designated as subject to this Order shall make public disclosure of those materials without further Order of the Court or stipulation of the parties.

(d) The parties shall have the right to use records produced by defendant at trial in this action, including without limitation, in the examination of any witnesses and in the presentation of all types of evidence, in the making and defending of trial motions, in trial briefs, and in argument.

(e) The parties shall have the right to use records produced by defendant in

any appellate proceedings, including without limitation, in appellate briefs and in argument.

(f) In the event that any material subject to this Order is used in any court proceeding herein, it shall not lose its privileged or protected status through such use, and the parties shall take all steps reasonably necessary to protect its confidentiality during such use.

(g) Any specific part(s) of the restrictions imposed by this protective Order may be terminated at any time by a letter from counsel for the United States to counsel for plaintiff.

(h) All documents and copies made of those documents, designated as subject to this Order, shall be destroyed by shredding into non-recognizable form or returned to counsel for the United States within sixty (60) days of the conclusion of all trial and appellate proceedings. If the documents are destroyed, counsel or the parties themselves shall notify counsel for the United States.

(i) Any dispute regarding this stipulation or its terms shall be resolved by the United States District Court for the District of Rhode Island.

The parties agree to the above provisions as to form and substance, and consent to entry of this stipulation as an Order of this Court.

Daniel K. Flaherty, Esq.
Frederick A. Costello, Esq.
Flaherty, Butterfield & Costello
33 College Hill Road, Suite 20D
Warwick, RI 02886
(401) 822-1800

Robin E. Feder
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000



ENTER
WILLIAM E. SMITH
U.S. DISTRICT JUDGE
DATE 11/1/05