UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT A. VIGEANT | : | |
| | : | |
| V. | : | C.A. NO. 02-441S |
| | : | |
| UNITED STATES OF AMERICA | : | |

**STATEMENT OF FACTS TO WHICH DEFENDANT CONTENDS THERE IS NO DISPUTE**

Pursuant to Rule 12.1 of the Local Rules of this Court, and in conjunction with its Motion for Summary Judgment filed this date, defendant United States files this Statement of Facts to Which Defendant Contends There is No Dispute:

1. The case against Vigeant began with a drug investigation involving Patrick Vigneau and Richard Crandall (Crandall). This was a joint investigation conducted by the Drug Enforcement Administration (DEA) and the Internal Revenue Service (IRS). United States v. Vigneau, 187 F.3d 70, 72 (1st Cir. 1999) (Vigneau I), attached as Exhibit A. See also, Exhibit B.

2. Vigeant's name surfaced in the course of the Vigneau investigation and he was later identified as a participating member of the criminal venture. See Exhibit B.

3. During the investigation, and before the search, the agents learned that Vigeant had an extensive criminal record, including convictions for carrying a pistol without a license; two separate convictions for extortion and blackmail; conspiracy; possession of arms after being convicted of a crime of violence; breaking and entering; and possession of a controlled substance. Exhibits C, D and G.

4. The Government obtained a warrant to search Vigeant's residence for evidence of his involvement in the criminal venture. Exhibits F, G and H.

5. Pursuant to the search warrant, agents searched Vigeant's residence on May 12, 1997.

Exhibits F and G.

6. During the search, agents located two firearms and ammunition, as well as multiple bags of marijuana, a $9,000.00 cashier's check, a $5,000.00 Fleet Bank transaction receipt, a personal check for $10,000.00 to Sakonett Associates, a personal check for $20,000 to Michael Crowley, a bill of sale for a 1989 28' Stalker boat and other records, including handwritten notes indicating "$20,000 for profit from 'pot'." See, Exhibits F, G and H.

7. At the time of the search, Vigeant admitted that the weapons were his. Exhibits G and J.

8. Later, in a letter to Judge Lisi in support of his request to remain free on bail, Vigeant acknowledged that he had admitted at the search that the weapons were his. Exhibit I.

9. In a motion to suppress statements filed with the Court in his criminal case, Vigeant acknowledged that he had confessed at the search that the weapons were his, although he claimed the confession was involuntary. Exhibit Q.

10. The agents knew at the time of the search that Vigeant had previously been convicted of a variety of felonies. Exhibits C, D and G.

11. The agents heard Vigeant admit that the guns were his and that he knew he could not lawfully possess them. Exhibits I, J, P and Q.

12. Following the search, Vigeant was arrested and charged with two counts of being a felon in possession of a firearm and one count of possession of ammunition. Exhibit N.

13. Vigeant's initial appearance before the Court was May 13, 1997; he was indicted on May 21, 1997 and arraigned on May 22, 1997. Exhibit N.

14. At his arraignment, Vigeant suggested that items seized and statements made during the search should be suppressed. Exhibits P and Q.

15. On July 10, 1997, Vigeant filed a motion to suppress items which was denied. Exhibit N.

16. On July 10, 1997, Vigeant also filed a motion to suppress statements which was denied. Exhibit N.

17. On September 2, 1997, Vigeant filed a motion for a Franks hearing which was denied. Exhibit N.

18. On December 22, 1997, Vigeant requested the Court to reconsider its decision regarding the Franks hearing (second motion), which request was denied. Exhibit N.

19. Vigeant was convicted of possessing one of the firearms and the ammunition. Exhibit N. On April 3, 1998, he was sentenced to 235 months' incarceration. Id.

20. Vigeant was never found innocent of the charges against him. The First Circuit found that the affidavit supporting the search warrant application did not set forth probable cause to believe Vigeant had been involved in the money laundering conspiracy. Exhibit A.

21. The State Attorney General moved to surrender Vigeant as a probation violator. The Superior Court of Rhode Island, Israel, J. found Vigeant guilty of the weapons charges, but did not find him to be in violation of his probation. Exhibit O.

22. Vigeant filed a Bivens action on May 11, 2000, in which he alleged that Botelho and other agents of ATF, DEA and IRS had violated his Fourth Amendment rights. See, District Court docket, C.A. No. 00-236.

23. Vigeant's first two motions to enlarge the time to serve defendants in the Bivens action were granted, but the third such motion was denied on December 13, 2000. See, District Court docket, C.A. No. 00-236T.

24. Vigeant appealed to the First Circuit, but subsequently filed a motion for voluntary

dismissal. The appeal of the Bivens action was dismissed on February 27, 2001. See, Court of Appeals docket, C.A. No. 01-1020.

25. Vigeant filed his administrative claim on May 11, 2001.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER
Assistant U.S. Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5058

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by first-class mail, postage pre-paid, on the Plaintiff's counsel, by mailing same on this the 31st day of October, 2005, to:

Daniel K. Flaherty, Esq.
Frederick A. Costello, Esq.
Flaherty, Butterfield & Costello
33 College Hill Road, Suite 20D
Warwick, RI 02886

Nancy A DiQuinzio