UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**ROBERT A. VIGEANT**

**VS C.A. NO. 02-441S**

UNITED STATES OF AMERICA

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT**

**OF ALLEGED UNDISPUTED FACTS**

Pursuant to Rule 12.1 of the local Rules of this Court, Plaintiff replies to Defendant's Statement Of Facts To Which Defendant Contends There Is No Dispute.

1. Plaintiff is without knowledge as to when the case against Vigeant began so is unable to agree or disagree whether this is an undisputed fact.

2. Plaintiff denies that Vigeant was a participating member of a criminal venture.

3. Most of the criminal charges against Vigeant dated back to the 1980s. The most recent conviction of Vigeant was in October of 1991, almost six years prior to the issuance of the search warrant..

4. The search warrant that was issued to the Government in May of 1997 was specifically to search for bank records that may evidence money laundering activity on the part of Vigeant. There was no authority to search for drugs, guns or other activity that one could normally attribute to an ongoing drug distribution conspiracy.

5. The only alleged contraband that the search produced that Plaintiff was aware of until the filing of this Motion for Summary Judgment was the two firearms and ammunition that he was charged with possessing after the search was completed. He was

never notified of any finding of marijuana, cashier's checks, a $5,000.00 Fleet Bank transaction sheet, a personal check for $10,000.00, a personal check for $20,000.00 to Michael Crowley, nor was he told of a bill of sale for a 1989 28' Stalker boat. He was never informed that they found so- called "handwritten notes" indicating $20,000.00 for "profit from pot". In fact, if one looks at Exhibit H submitted by the Government, which was never produced to Plaintiff prior to the filing of this Motion, the statement does not say $20,000.00 for profit from pot. The statement says for profit from $20,000.00 in pot, whatever that means. More importantly, Vigeant was never charged with possession of narcotics, with possession of narcotics with intent to sell, with possession of a controlled substance or with any other crime involving controlled substances.

6. Any admission by Vigeant was due to coercion on the part of the Government.

7. In a letter to the Judge, Vigeant's statement is: "I did not know what to do and I was confused and my protective instincts led me to admit that the guns were mine. Please note that I felt intimated and coerced into this admission."

8. The Motion to Suppress statement speaks for itself.

9. Vigeant is not aware of what the agents knew at the time of the search.

10. Vigeant does not remember stating that he told the agents that he knew he could not lawfully possess the weapons. The fact is he did not possess them.

12. True.

13. True.

14. True.

15. True.

16. True.

17. True.

18. True.

19. Vigeant was found innocent of possessing one of the firearms and guilty of possessing the other one. The ammunition charge was dismissed.

20. The guilty finding in the Trial Court was reversed and vacated. The First Circuit found, among many other things, that the conduct of the Special Agents was reckless, not in good faith, was calculated to mislead the Court, contained numerous false statements and went well beyond merely not setting forth probable cause.
The Court indicated that the Affidavit was not made in good faith and done for the purpose of, among other things, to mislead the Court into issuing the search warrant. Vigeant was never again charged or tried for possession of a firearm after committing a crime of violence therefore, is considered innocent of the crime. To this day, Vigeant states that the weapon belonged to his girlfriend and that he had no control over the weapon and no intent to possess that weapon.

21. The Superior Court of Rhode Island, through Judge Israel, did not find Vigeant guilty of a weapons charge. The Judge specifically said: "I find that Mr. Vigeant is not a violator of his probation." The Judge as an aside indicated that if he had heard the case without a jury, he most likely would have found him guilty; however, the Judge indicated that in the last sixteen years as a Judge, his conscience had never been shocked by a search as it was in the one involving Vigeant. He went on to say that there was: "a most egregious violation of a Fourth Amendment and Fourteenth Amendment of the Constitution of the State of Rhode Island and that the means by which that violation was

perpetrated undermined the integrity of the Court issuing the search warrant and was utterly shocking."

22. True.

23. True. However, the reason why the Defendants were not served in the Biven's action was because the United States Government refused to reveal the location of the two agents who were sued in that action, docketed as C.A. NO. 00-236T.

24. The appeal of the Biven's action was dismissed by a voluntary dismissal of the claim against the two agents because Vigeant could not find them.

25. True.

Respectfully submitted,
Robert Vigeant,
By his attorneys,

______________________________
Frederick A. Costello
FLAHERTY, BUTTERFIELD & COSTELLO
33 College Hill Road, Suite 20D
Warwick, RI 02886

______________________________
Daniel K. Flaherty
FLAHERTY, BUTTERFIELD & COSTELLO
33 College Hill Road Suite 20D
Warwick, RI 02886

**CERTIFICATION**

I hereby certify that on the 11 day of January, 2006 I sent a true copy of the within Response to Defendant's Statement of Alleged Undisputed Facts to: Robin E. Feder, Assistant U.S. Attorney, Fleet Center, 50 Kennedy Plaza 8th Floor, Providence, RI 02903.

______________________________