UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT A. VIGEANT | : | |
| | : | |
| V. | : | C.A. NO. 02-441S |
| | : | |
| UNITED STATES OF AMERICA | : | |

**DEFENDANT'S MOTION TO DISMISS COUNT V (ABUSE OF PROCESS) FOR LACK OF JURISDICTION**

The defendant, United States of America, by and through its undersigned counsel, hereby moves to dismiss Count V (Abuse of Process) for Lack of Jurisdiction, for the reasons set forth in the accompanying memorandum.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ANTHONY C. DIGIOIA
Assistant United States Attorney
ROBIN E. FEDER
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by first-class mail, postage pre-paid, on the Plaintiffs' counsel, by mailing same on this the 5th day of May, 2006, to:

Daniel K. Flaherty, Esq.
Frederick A. Costello, Esq.
Flaherty, Butterfield & Costello
33 College Hill Road, Suite 20D
Warwick, RI 02886

Nancy A DiQuinzio

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT A. VIGEANT | : | |
| | : | |
| V. | : | C.A. NO. 02-441S |
| | : | |
| UNITED STATES OF AMERICA | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNT V (ABUSE OF PROCESS) FOR LACK OF JURISDICTION**

## I. INTRODUCTION

The United States previously moved to dismiss Counts II and IV (false arrest and false imprisonment, respectively) for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). At oral argument, defendant indicated that Count V (abuse of process) should also be dismissed for lack of subject matter jurisdiction because it is barred by the statute of limitations. At that time, the Court invited defendant to submit a written motion to dismiss Count V, in order to allow plaintiff an opportunity to respond. Rather than restate large portions of our original memorandum here, we respectfully incorporate the facts, background and travel of the case sections set out in defendant's memorandum in support of motion for summary judgment and motion to dismiss for lack of jurisdiction.

## II. ARGUMENT

### A. STANDARD OF REVIEW

When an FTCA claim is barred by the statute of limitations, it must be dismissed for lack of subject matter jurisdiction. See, Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002);

and Roman v. Townsend, 224 F.3d 24, 28 (1st Cir. 2000).[1]

Challenges to the court's subject matter jurisdiction cannot be waived. A. R. Seale v. Immigration and Naturalization Service, 323 F. 3d 150, 152, n. 1 (1st Cir. 2003) ("Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived.") (citation omitted). Generally speaking, "federal courts should, in most cases, avoid reaching the merits of a case prior to determining their subject matter jurisdiction." Id. at 152. "Thus, defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court." Id. (citation omitted). Indeed, the Court has an obligation to address issues concerning subject matter jurisdiction, even if neither party raises the issue. Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006) ("Although neither party has addressed subject matter jurisdiction, we are obliged to do so at the threshold."); A.R. Seale, supra at 152, n.1; and Iglesias v. Mutual Life Ins. Co. of New York, 156 F.3d 237, 241 (1st Cir. 1998) ("although district court's jurisdiction had not been challenged, court had duty to raise question of whether jurisdictional amount was involved) (citations omitted).

Once subject matter jurisdiction has been questioned, it is the plaintiff's burden to establish, by competent proof, that jurisdiction in fact exists. Pejepscot Industrial Park, Inc. v.

---

[1] "The United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Mitchell, 445 U.S. 535, 538 (1980), quoting United States v. Sherwood, 312 U.S. 584, 586 (1941). Thus, the starting point for any analysis of jurisdiction in a lawsuit against the United States is the applicable statutory waiver of sovereign immunity. Absent a waiver of sovereign immunity, a court is without subject matter jurisdiction to proceed. United States v. King, 395 U.S. 1, 4 (1969). Statutes which waive sovereign immunity must be strictly construed in favor of the United States. "A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed." United States v. Mitchell, 445 U.S. at 538, quoting United States v. King, *supra*.

Maine Central Railroad Co., 215 F.3d 195, 200 (1st Cir. 2000); Murphy v. United States, 45 F.3d 520, 522 (1st Cir.1995); Bank One Texas, N.A. v. Montle, 964 F.2d 48, 50 (1st Cir. 1992). "No presumption of truthfulness attaches to the [plaintiff's] allegations [of jurisdiction]." Media Duplication Services, Ltd. v. HDG Software, Inc., 928 F.2d 1228, 1235 (1st Cir. 1991).[2]

## B. PLAINTIFF'S ABUSE OF PROCESS CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS

Under the FTCA, an administrative claim must be filed no more than two years after the claim accrues. 28 U.S.C. § 2401(b).[3] This is a jurisdictional prerequisite to instituting a judicial action under the FTCA. Cascone v. United States, 370 F.3d 95, 103 (1st Cir. 2004). Under the FTCA, the general rule is that a claim accrues when an injury is inflicted. United States v. Kubrick, 444 U.S. 111, 113, 117-18 (1979); Skwira v. United States, 344 F.3d 64, 73 (1st Cir. 2003).[4]

---

[2] Matters outside the pleadings can be presented to and considered by the court in ruling upon a motion to dismiss for lack of subject matter jurisdiction. Gonzalez, 284 F.3d at 288; Dynamic Image Technologies, Inc. v. United States, 221 F.3d 34, 37 (1st Cir. 2000). "District courts have wide discretion to determine which procedures to employ in resolving the jurisdictional issue." Bank One, Texas, 964 F.2d at 51.

[3] 28 U.S.C. § 2401(b) provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues."

[4] Under the discovery rule exception to the general rule, a claim accrues when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the factual basis for the cause of action. Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2003). In order to toll the statute of limitations pursuant to the discovery rule, the cause of action must have been "inherently unknowable" at the time of injury. Id. at 288-890, quoting Attallah v. United States, 955 F.2d 776, 780 (1st Cir. 1992). Obviously, the discovery rule has no place in this case. However, even if the court were to apply the discovery rule, Vigeant's claim for abuse of process would still be time-barred. Not only was Vigeant aware of the search and seizure of the guns on May 12, 1997, he challenged the search from the outset of his criminal case. Exhibits N and P (Exhibit P contains excerpts from Vigeant's May 22, 1997, arraignment and the November 24, 1997, hearing on Vigeant's motions to suppress and motion for a Franks hearing.). Additionally, as we demonstrate below he made these very allegations at his sentencing on April 3, 1998, more than two years before he filed his administrative claim.

An examination of the elements a claim of abuse of process demonstrate that the claim accrued on May 13, 1997, the day a complaint was filed charging him with possession of a firearm. The essential elements of a claim of abuse of process under Rhode Island law are

1. The defendant instituted proceedings against the plaintiff, and

2. The defendant used these proceedings for an ulterior or wrongful purpose that the proceedings were not designed to accomplish.

See, Butera v. Boucher, 798 A.2d 340, 353 (RI 2002) ("The improper purpose usually takes the form of coercion to obtain a collateral advantage ... such as the surrender of property or the payment of money, by the use of the process as a threat or a club. There is, in other words, a form of extortion.")[5] Favorable termination is not one of these elements. The Rhode Island Supreme Court's contrast of abuse of process with malicious prosecution, where favorable termination is required, also demonstrates that a favorable termination need not be shown in an abuse of process claim. In Hillside Associates v. Stravato, 642 A.2d 664, 667 (R.I. 1994), the court contrasted the two causes of action, stating:

> Thus, if the defendant prosecutes an innocent plaintiff for a crime without reasonable grounds to believe him guilty, it is malicious prosecution; if he prosecutes him with such [reasonable] grounds [but his ulterior motive is] to extort payment of a debt, it is abuse of process.

Since a person who prosecutes with reasonable grounds to believe defendant is guilty can still be liable for abuse of process, favorable termination is not an element of abuse of process.

This conclusion is also directly supported by the United States Supreme Court decision in Heck v. Humphrey, 512 U. S. 477, 486, n. 5 (1994), holding that "favorable termination of prior

---

[5] Although Butera lists two elements, the second element actually contains two separate requirements: an ulterior or wrongful purpose and misuse of the proceedings - alternately referred to as an "extortionate act."

proceedings is not an element of [abuse of process]."[6] See also, Lucas v. Novogratz, 2002 WL 3184493 (S.D.N.Y.) (accrual of a cause of action for abuse of process need not await termination of action in claimant's favor); Michaels v. State of New Jersey, 955 F. Supp. 315, 326 (D.N.J. 1996) (holding that statute of limitations for abuse of process accrues when all elements of the cause of action are present, or at the very latest, when plaintiff is aware of the existence of all elements of the cause of action, and finding that cause of action accrued on date of arrest). The statute of limitations for abuse of process begins to run when the essential elements of the cause of action exist. In this case both elements existed on May 13, 1997, the day when the complaint was filed.

Although we maintain that Vigeant has not even alleged the elements of an abuse of process claim under Rhode Island law because he has not alleged a sufficient improper purpose, even if his allegations set forth a claim of abuse of process, that claim would still be time-barred. Vigeant became aware of what he alleges are the essential elements of his claim when he was arrested and charged: "Their real motive was to break this man, humiliate him and cause him to confess to some other crime that they had no probable cause to investigate ... " Pl's Reply Br. at 13; and "Agent Burns told him he had waited three years to get him and now he had succeeded." Id. At the very latest, he was aware of the facts central to his claim when he testified at his sentencing hearing on April 3, 1998. There, he stated:

> His [Burns'] second statement to me was that I made him sick to his stomach because he saw me on my boat at a waterfront restaurant in downtown Providence the previous year with my girlfriend Stacey when I pulled up to have dinner.

* * *

---

[6] The Court in also recognized that the damages for an abuse of process is limited to the harm caused by the misuse of the process. Heck v. Humphrey, 512 U.S. at 486, n. 5 ("Cognizable injury for abuse of process is limited to the harm caused by the misuse of process.").

> Because an agent saw me having dinner on a boat that I bought as an investment to make money with and because they don't like the fact that I'm an ex-convict who has the ability to own five buildings and have a contracting business and to invest in repossession and estate sales, one may have to question whether I was attacked for personal reasons. And I wouldn't say that unless the statement was made to me by Agent Burns when he knocked my door down about how I made him sick to his stomach. Id.

Sentencing Transcript April 3, 1998 at 35 and 44, attached hereto. These are the very things he now presents as his claim of abuse of process. To be timely, his administrative claim had to have been filed by April 3, 2000, at the latest. His administrative claim was filed on May 11, 2001, more than two years after the sentencing at which he made these statements, and is therefore untimely. His claim for abuse of process (Count V), is therefore barred by the two-year statute of limitations and should be dismissed for lack of jurisdiction.

## III. CONCLUSION

Wherefore, for all of the forgoing reasons, defendant requests that this Court dismiss Count V, abuse of process, for lack of subject matter jurisdiction.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ANTHONY C. DIGIOIA
Assistant United States Attorney
ROBIN E. FEDER
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by first-class mail, postage pre-paid, on the Plaintiffs' counsel, by mailing same on this the 5th day of May, 2006, to:

Daniel K. Flaherty, Esq.
Frederick A. Costello, Esq.
Flaherty, Butterfield & Costello
33 College Hill Road, Suite 20D
Warwick, RI 02886

Nancy A DiQuinzio