UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**ROBERT A. VIGEANT**

**VS NO. 02-441S**

**UNITED STATES OF AMERICA**

## PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS COUNT V (ABUSE OF PROCESS) FOR LACK OF JURISDICTION

Now comes the Plaintiff in the above captioned matter and objects to Defendant's Motion to Dismiss Count V (Abuse of Process) for Lack of Jurisdiction. The basis for said Objection is contained in the attached Memorandum of Law.

Plaintiff,
By his attorneys,

Frederick A. Costello #2205
**FLAHERTY, BUTTERFIELD & COSTELLO**
33 College Hill Road Suite 20D
Warwick, Rhode Island 02886
Tel. No. 401 822 1800 x 6 Fax 822 1879

Daniel K. Flaherty, Esquire #2466
**FLAHERTY, BUTTERFIELD & COSTELLO**
33 College Hill Road Suite 20D
Warwick, Rhode Island 02886
Tel. No. 401 822 1800 x 6 Fax 822 1879

**CERTIFICATION**

I hereby certify that on the 21 day of June, 2006 I sent a true copy of within to:

Robin Feder
Assistant United States Attorneys
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**ROBERT A. VIGEANT**

**VS C.A. NO. 02-441S**

**UNITED STATES OF AMERICA**

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS OBJECTION TO DEFENDANT'S MOTION TO DISMISS COUNT V (ABUSE OF PROCESS) FOR LACK OF JURISDICTION**

**INTRODUCTION**

Plaintiff relies on the Statement of Facts and Travel of the Case as set forth in his earlier Memorandum in Opposition to Defendant's Motion for Summary Judgment and his Supplemental Memorandum in Response to Defendant's Supplemental Memorandum.

**STANDARD OF REVIEW**

In Ruling on a 12(b)(6) Motion to Dismiss for failure to state a claim this Court is obligated to look at the allegations set forth in the Complaint in a light most favorable to the Plaintiff. Paradise v Aetna Casualty Insurance Company, 796 F.Supp. 59, 61 (District of RI 1992).

The Court must accept all reasonably articulated pleadings as true along with the inferences or presumptions following such pleadings. Steinberg v State 422 A.2d 338 (RI 1981).

If under any set of facts or any theory of law the allegations set forth in the pleadings are sufficient to state a cause of action, the Motion to Dismiss must be denied. Hart v Mazur, 903 F.Supp. 277, 279 (District of RI 1995).

If the validity of an outstanding criminal judgment may be implicated by a claim set forth under 42 USC §1983 or the Federal Tort Claims Act (FTCA), then prior to the filing of such a claim, the Defendant is required to show that his conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a State Tribunal authorized to make such a determination or called into question by a Federal Court's issuance of a Writ of Habeas Corpus. Heck v Humphrey 512 US 477 482.

That under the analysis set forth in Heck v Humphrey the statue of limitations poses no difficulty while the challenges to the validity of a conviction are being pursued since the §1983 or FTCA claim has not yet arisen, just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in Plaintiff's favor. Heck v Humphrey, 483.

## ARGUMENT I

**The proof of abuse of process used to obtain and implement the search warrant in the above-entitled matter would have and, in fact, did seriously imperil the validity of the conviction of Robert Vigeant. Therefore, the statute of limitations was tolled pursuant to the case of Heck v Humphrey, 512 US 477 (1994) until such time as the conviction of Vigeant was reversed on direct appeal, expunged by Executive Order or declared invalid by a State Tribunal authorized to make such a determination.**

Defendant argues that because elements necessary to prove a claim of Abuse of Process do not include favorable termination on behalf of the Defendant that therefore the time for filing an Abuse of Process claim is not tolled by a conviction as is a tort such as malicious prosecution. See Defendant's Brief page 4.

The fallacy of this argument is found in Heck v Humphrey, 512 US 477, 482. The Court analogizes a civil rights' claim under 42 USC 1983 to a malicious prosecution claim. In that case, the United States Supreme Court stated that if the validity of an outstanding criminal judgment may be implicated by a §1983 claim, then prior to filing the §1983 claim, the Plaintiff is required to show that his conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a State Tribunal authorized to make such determination or called into question by a Federal Court's issuance of a Writ of Habeas Corpus. Heck v Humphrey, p. 482. This would be the case even though reversal of the previous criminal conviction was not an element of proof in the §1983 claim.

The Heck Court states: "thus, when a State prisoner seeks damages in a §1983 suit, the District Court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of the conviction or sentence; if it would, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v Humphrey, 482.

In essence, what the Court indicates on page 482 is that there is no cause of action under §1983 until and unless the conviction is reversed, expunged or invalidated. Therefore, there is no statute of limitations issue because the §1983 claim has not yet accrued.

Several Courts of Appeal have found that the same burden is on the Plaintiff in reference to the Federal Tort Claims Act (FTCA). The Court of Appeals in the Ninth Circuit in the case of Erwin v United States, No. 00-16986, 2004 WL 829897 stated that an action filed under the banner of the FTCA is in reality no different than that of a §1983 suit. Therefore, that Circuit held the time of accrual of an FTCA action is the same as set forth by the Heck Court in reference to §1983 claims, which is when the conviction is reversed, expunged or invalidated.

In Paris v United States, 45 F.3d 383, 385 (10th Cir. 1995) the 10th Circuit Court of Appeals found that the FTCA falls under the same principles of actions filed under 42 USC §1983 pursuant to the holding in Heck v Humphrey. Therefore, there must be a final finding that imprisonment or arrest is not warranted before a civil claim can be made and that an FTCA action is not an appropriate vehicle for challenging an outstanding criminal judgment directly or indirectly.

In Dalis v United States , 210 F.3d 389 (10th Cir. March 31, 2000) the 10th Circuit again held that the cases filed under the FTCA come under the purview of Heck v Humphrey requiring a Plaintiff to prove the original criminal sentence invalid prior to initiating a FTCA claim.

In Schilling v White, 58 F.3d 1081, 1086 (6th Cir. 1995), the 6th Circuit Court of Appeals held that a lawsuit for unconstitutional search and seizure is premature if brought while the Plaintiff still faces criminal punishment.

The Abuse of Process claim is, in fact, an FTCA claim. Like other FTCA claims such as false imprisonment and false arrest, there is no element of proof required to show that a previous criminal charge ended favorably for the Plaintiff prior to litigating such a

cause of action. Pursuant to the ruling in Heck v Humphrey, however, if such a claim brings into question the validity of a previous criminal conviction then that conviction must be reversed, expunged or declared invalid by a State Tribunal prior to initiating the Abuse of Process claim. Heck v Humphrey, 482.

Analyzing the holding in United States v Vigeant, 176 F.3d 565 (1st Cir. 1999), the Circuit Court of Appeals took the totality of the circumstances of the search, the false statements leading up to the search and the conduct of the agents conducting the search in determining that the original conviction had to be reversed. It is clear that there were a series of events that took place in May of 1997 that required the Appellate Court to overturn Vigeant's conviction. Not the least of which was the conduct of the police officers and their motives for obtaining a search warrant for documents already in their possession, their misrepresentations to the Magistrate under oath to obtain the search warrant as well as their conduct while searching Vigeant and his home. At this stage of the Court proceedings, when looking at all the evidence in a light most favorable to the non-moving party, clearly one can see where the abuse of process by the Government's agents, as previously set forth in our earlier Memos, influenced the decision making process of the Appellate Court in overturning Vigeant's conviction. Therefore, under the reasoning set forth in Heck v Humphrey it is logical to argue that proof of the Abuse of Process Count would have and did implicate the legality of Vigeant's conviction. Therefore, pursuant to the holding in Heck v Humphrey, the Abuse of Process Count did not accrue until Vigeant's conviction was reversed on May 14, 1999 and that the statue of limitations did not begin to run until May 14, 1999. Thus, the filing of Vigeant's

administrative claim on May 11, 2001 was within the two year statute of limitations for filing a FTCA action.

For these reasons and the reasons set forth in our original two briefs, we ask that the Motion to Dismiss should be denied.

Plaintiff,
By his attorney,

Frederick A. Costello #2205
**FLAHERTY, BUTTERFIELD & COSTELLO**
33 College Hill Road Suite 20D
Warwick, Rhode Island 02886
Tel. No. 401 822 1800 x 6 Fax 822 1879

Daniel K. Flaherty, Esquire #2466
**FLAHERTY, BUTTERFIELD & COSTELLO**
33 College Hill Road Suite 20D
Warwick, Rhode Island 02886
Tel. No. 401 822 1800 x 6 Fax 822 1879

**CERTIFICATION**

I hereby certify that on the 21 day of June, 2006 I sent a true copy of within to:

Robin Feder
Assistant United States Attorneys
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903